ELIAS MITCHELL, Adm'r,

*v.*

THE TOWN OF FOND DU LAC.

1. INSTRUCTIONS—*must be applicable to the case.* Although instructions may contain correct legal propositions, still it is not error to refuse them if they are not applicable to the case.

2. SAME—*containing legal propositions.* It is error to give instructions to the jury which require the jury to find and determine legal propositions. The court should direct the jury what the law is on the facts the

evidence tends to prove, or instruct them as to what the law is if they find the facts to be true; or what facts must be proved before the plaintiff can recover.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. WILLIAMS & ELLIOTT, for the appellant.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was assumpsit, brought by appellant as administrator of the estate of William Mitchell, deceased, against appellee, to recover for the support and maintenance by the intestate in his lifetime of one Eliza McFerren, from the 23d of March, 1857, to the 23d of January, 1858, said Eliza being an alleged pauper and resident of the said township.

The jury rendered a verdict for appellee, and the court overruled the motion of appellant for a new trial.

Several grounds are relied upon for reversal:

*First*—That the court erred in overruling the motion for a new trial.

*Second*—The court erred in refusing appellant's second instruction.

*Third*—In giving instructions on behalf of appellee.

The first and second grounds are untenable. We have looked into the evidence preserved in the bill of exceptions, and find it of so indefinite a character that we can not say that the verdict was manifestly against the weight of the evidence.

The second instruction on behalf of appellant, which was refused, contains no proposition of law applicable to the case. There was no question of the disability of infants involved in the case. Appellant brought the action in the character of administrator, and it was wholly immaterial, under the circumstances of this case, how long he had been under disability.

The first instruction on behalf of appellee is as follows :

"If the jury believe, from the evidence, that the person, Eliza McFerren, was boarded and lodged and furnished with clothing by William Mitchell (whose administrator brings suit) from the 1st day of March, A. D. 1857, until his death in 1858, yet, unless they further believe, from the evidence, that during that time the said Eliza McFerren was a pauper for whose support the defendant was legally liable, or for whose support the defendant had, by its proper officer, contracted to pay the said William Mitchell for during said time, they will find for the defendant."

This instruction submits to the determination of the jury two questions of law, without any aid from the court, viz. :

*First*—What shall constitute the legal liability of a town to support a pauper ?

*Second*—Who is the proper officer to make a binding contract on the part of the town for such support by another ?

The impropriety of leaving questions of law to the determination of the jury has been so often decided by the courts that the citation of authorities seems unnecessary.

The court should have instructed the jury as to what facts were indispensable to create the legal liability of the town for the support of the person in question, and then told them that if such facts were not established by the evidence, to find for the defendant; and should likewise have informed the jury who the proper officer to bind the town for such support was, and what would be necessary to constitute a contract express or implied, and then left it for them to say whether such officer acted in the premises, and if he did nothing to create a contract within the definition given, that then they should find for the defendant.  A majority of the court think the instruction erroneous.

For this error, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*