# The St. Louis National Stock Yards

## v.

# The Wiggins Ferry Company.

*Filed at Mt. Vernon January 18, 1882—Rehearing denied May Term, 1882.*

1. LAW AND FACT—*and what is reviewable in the Supreme Court.* Where the *terms* of a contract are specifically determined, then the meaning or legal effect of such contract presents a pure question of law, and the court alone is permitted to construe it. But where not only the legal effect of the agreement upon the controversy in hand is to be determined, but also the *terms* of the agreement itself are to be ascertained from extrinsic proofs, there is presented a mixed question of law and fact, to be determined by the jury, under proper instructions from the court, and when such question has passed through the Appellate Court this court has no right to review it.

2. It is not necessarily true, that where in the attempt to establish what were the terms of an agreement by extrinsic proofs there was no conflict in the testimony, the question becomes purely one of law. The evidence tending to establish a contract may be all on one side, and yet may be of such character as to leave the question as to whether a legal contract was in fact made or not, in extreme doubt, and in such case the question as to the making of the contract, and the purport of its terms, together with its legal effect, is a mixed question of law and fact, and when the decision thereon in the trial court has been affirmed by the Appellate Court, that decision is conclusive upon this court.

3. SAME—*jury in civil cases not to determine questions of law.* It is not to be understood that in the submission to a jury of a mixed question of law and fact, the jury, in any civil case, is to determine what the law is, except as it receives it from the court. Many issues are necessarily so made up as to involve matters of law as well as of fact, and the whole matter is then properly submitted to the jury as a mixed question of law and fact,—but in disposing of the issue the jury is bound to act upon the law as given to it by the court, and apply it to the facts, as found, under guidance of the court.

4. ESTOPPEL IN PAIS—*available only in equity.* Estoppels *in pais* affecting permanent interests in land can only be made available in a court of equity. They can not be allowed as a defence in an action of forcible detainer.

5. FORCIBLE DETAINER—*is an action at law.* The action of forcible detainer, while it is not a common law action, is an action at law, relating to real property.

6. STATUTORY REMEDIES—*whether at law or in equity.* When the legislature creates a new statutory remedy, whether a case brought under it will belong to the law or equity side of the court will depend upon the nature of the proceeding and the special provisions of the statute creating it. Ordina-

rily, these statutory proceedings belong to the law side of the court, and that is universally the case where nothing appears in the act to indicate a contrary intention.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. JOHN B. BOWMAN, for the appellant:

A plaintiff, to recover in forcible detainer, is no longer limited, as at common law, to cases where the relation of landlord and tenant exists, but the statute brings within this action other causes. Rev. Stat. ch. 57, sec. 2.

This action, if it lies at all, is given in either the second or fifth class of section 2 of the act.

That the agreement under which appellant entered was not a mere license, revocable at pleasure, as contended for by appellee, counsel examined and commented upon the authorities relied on, and distinguished them from this case. Among them are the following: *Dunstedter* v. *Dunstedter*, 77 Ill. 580; *Woodward* v. *Seeley*, 11 id. 157; *Kimball* v. *Yates*, 14 id. 464; *Walker* v. *Wilson*, 52 id. 352.

To maintain the action under the fifth class named in the statute, it must appear that appellant obtained possession under an agreement to purchase, and has failed to comply with its terms. This is not shown.

Counsel also contended that possession was taken under a verbal agreement of sale, and that appellant had complied with its terms by making valuable improvements beneficial to the appellee. That a moneyed consideration was not necessary to sustain the contract, he cited 3 Washburn on Real Property, 370; *Violent* v. *Patton*, 5 Cranch, 150.

If a principal reaps the fruits of an act of his agent within the apparent scope of his authority, he is liable for the misconduct by which those fruits were produced. *Rock-*

*ford* v. *Railroad Co.* 65 Ill. 224; Wharton on Agency, sec. 468; Wharton on Evidence, sec. 1170.

A corporation, like an individual, may be estopped and bound by the appearance of authority it gives its agents. Potter on Corporations, sec. 508, note; Wharton on Evidence, sec. 1175.

Mr. R. A. Halbert, for the appellee, first contended that there is no question of law in the case,—that it was a controverted question of fact whether the permission given by Clubb was to occupy the premises temporarily or permanently, and that this fact was found against the appellant, and such finding was affirmed by the Appellate Court.

That appellant's entry was under a mere license, revocable at pleasure, counsel cited *Dunne* v. *Trustees,* 30 Ill. 578; *Walker* v. *Wilson,* 52 id. 352; *Kamphouse* v. *Gaffner,* 73 id. 460; *Desloge et al.* v. *Pearce,* 38 Mo. 588; *Hatfield* v. *Central Railroad Co.* 5 Dutch. 571; *Fryer* v. *Warne,* 29 Wis. 511; *Fentiman* v. *Smith,* 4 East, 109; *Rex* v. *Inhabitants, etc.* 4 M. & Sel. 562; *Bryan* v. *Whistler,* 8 B. & Cress. 288; *Clute* v. *Carr,* 20 Wis. 559; *French* v. *Owen,* 2 id. 184.

That an easement can not be created by parol, or by a writing not under seal, see Goddard on Easements, p. 88; *Dainneen* v. *Rich,* 22 Wis. 550; *Huff* v. *McCauley,* 53 Pa. St. 206; *Fahr* v. *Dean,* 26 Mo. 116; *Dark* v. *Johnson,* 55 Pa. St. 164; *Mumford* v. *Whitney,* 15 Wend. 380; *Pitkin* v. *Long Island Ry. Co.* 2 Barb. Ch. 221.

If the defendant has any equities, which we deny, they can not be set up in defence in an action at law. Such defence is available in equity only. *Wheeler* v. *Frankenthal,* 78 Ill. 124; *Fleming* v. *Carter,* 70 id. 286; *Warner* v. *Hale,* 65 id. 396; *Kamphouse* v. *Gaffner, supra.*

Mr. Justice Mulkey delivered the opinion of the Court:

This was an action of forcible detainer, brought by the Wiggins Ferry Company, in the St. Clair circuit court,

against the St. Louis National Stock Yards, to recover a strip of land near East St. Louis, occupied by an embankment and railroad track, known as the "stock yard connecting track." The complaint is in the usual form, charging that appellee is entitled to the possession of the premises, and that appellant, after demand made, unlawfully withholds the same from appellee. To this complaint appellant filed a plea formally traversing the charge "of unlawfully withholding possession of the premises," and upon this issue the cause, by agreement of parties, was tried by the court without the intervention of a jury, resulting in a finding and judgment in favor of appellee, and this judgment was affirmed on appeal to the Appellate Court, and the case comes here on further appeal.

It is a conceded fact that the premises in controversy, subject to the easement claimed by appellant, belong to appellee, and that in the summer of 1875, appellant, under a verbal agreement of some character with S. C. Clubb, the general manager of appellee, entered upon the same, and constructed thereon, at a considerable cost, the embankment and railway track in question. The agreement being verbal, and no one pretending to give the language or the exact terms used by the parties, its real character, and the purport of the terms finally agreed upon, together with its legal effect, presented a mixed question of law and fact, which was necessarily determined by the trial court from all the evidence before it, and the judgment of that court having been affirmed by the Appellate Court, its decision must be accepted as final upon that question.

It was contended, upon the one hand, that the evidence established a mere license, and on the other hand, that it showed a contract of sale of the right of way. Whether it established the one or the other, depended upon what inferences might fairly be drawn from the various statements of witnesses, and the facts and circumstances attending the

transaction, and the question in either case is as clearly a conclusion of fact, susceptible of proof, as the alleged promise of the defendant in an ordinary action of *indebitatus assumpsit*, where the promise alleged in the declaration is only inferred from proof of such facts and circumstances as show a legal liability. It is true, where the *terms* of a contract are specifically determined, then the meaning or legal effect of such contract presents a pure question of law, and the court alone is permitted to construe it. But where, as in the present case, not only the legal effect of the agreement upon the controversy in hand is to be determined, but also the terms of the agreement itself are to be ascertained from extrinsic proofs, then the whole matter, as a mixed question of law and fact, should be submitted to the jury, under proper instructions from the court. The jury having been waived in this case, its functions were performed by the court, under the agreement of the parties.

It is not to be understood, from anything we have said, the jury is, in any civil case, to determine what the law is, except as it receives it from the court. Yet many issues are necessarily so made up as to involve matters of law as well as fact, and the whole matter is then properly submitted to the jury as a mixed question of law and fact; but in disposing of the issue, the jury is bound to act upon the law as given to it by the court, and apply it to the facts, as found, under the guidance of the court. In short, the jury in all civil cases ascertains the facts, and affords or denies relief through its verdict, according to law as the same is given to it by the court.

By reference to the Forcible Entry and Detainer act it will be perceived there are but six classes of cases in which the action will lie, and it is clear the present case can not be maintained unless it is brought within the second or fifth class. The second class includes all cases where the entry was peaceable and the possession is unlawfully withheld, and the fifth class extends only to cases where a vendee "having

obtained possession under a verbal or written agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof after demand in writing by the person entitled to such possession."

The present action is brought upon the hypothesis that the verbal agreement under which appellant entered was a mere license, revocable, on notice, at the pleasure of appellee.   If, as claimed by appellant, the evidence establishes a contract of sale of the right of way, the action clearly could not be sustained without showing a failure on the part of appellant to perform its part of the agreement, as contemplated by the fifth clause of the second section of the act above mentioned, and we find nothing in the record to warrant such a claim.   It follows, therefore, the only theory upon which the action can be maintained, if at all, is, as claimed by appellee, that the agreement or understanding in question was a mere license, and we are warranted in concluding the trial and Appellate courts so found, on the familiar principle courts of review will indulge in all reasonable presumptions to sustain the judgment and proceedings reviewed.

Assuming, then, as we do, that the entry of appellant was by virtue of a mere license, the question, and indeed the only question, presented for determination, which we deem necessary to notice, is, whether, under the circumstances of this case, appellee is estopped from revoking such license, and if so, whether the estoppel can be made available in the present action.   In the view we take of the latter branch of the question, we do not deem it necessary, or even proper, to consider the first, for we are of opinion, even conceding the estoppel, it can not be made available in this proceeding. We are aware of the fact that there is considerable conflict in the authorities upon this subject, and that the tendency of modern decisions is to give effect to equitable estoppels affecting real estate, in the legal forum as well as in courts of equity.   Yet it is believed the decided preponderance of

authority is the other way, and it must be confessed that to allow such estoppels to avail in a court of law, where, ordinarily, only legal titles can be considered, is a wide departure from the fundamental principles which distinguish legal from equitable rights, and which require all permanent interests in land to pass by some solemn, formal mode of conveyance. But whatever the rule may be elsewhere, it is well settled by the repeated decisions of this court, that estoppels *in pais* affecting permanent interests in land can only be made available in a court of equity. *Wales* v. *Bogue,* 31 Ill. 464; *Mills* v. *Graves,* 38 id. 466; *Blake* v. *Fash,* 44 id. 302.

Indeed, counsel for appellant in effect admits that such is the law of this State, but seeks to avoid it on the alleged ground that an action of forcible detainer is not a common law action, but a mere statutory proceeding,—hence it is concluded the rule does not apply. It is true, this is not a common law action, but it does not therefore follow the rule in question is not applicable. While it is not a common law action, it is nevertheless an *action* at law, relating to real property, and hence an equitable estoppel can not be made available in such action. Our circuit courts have two sides to them,—the law side and equity side,—and all cases, of necessity, must belong to one side or the other, or, in other words, must be cases at law or in equity; and while all of them may be tried before the same presiding officer, yet he presides in two distinct characters, namely, as a judge of a common law court in the one case, and as a chancellor of a court of equity in the other, and the two sides of the court are in effect and in theory of law two distinct courts. When the legislature creates a new statutory remedy, whether a case brought under it will belong to the law or equity side of the court will depend entirely upon the nature of the proceeding and the special provisions of the statute creating it. Ordinarily, these statutory proceedings belong to the law side of the court, and are universally so where nothing

appears in the act to indicate a contrary intention. *Greenup* v. *Sewell*, 18 Ill. 54.

The act under which this proceeding is brought determines the classes of cases in which the action will lie, the requisites of the complaint, the form of the plea, the manner of service, gives the right of trial by jury, and by the 11th section it is expressly provided, that "trials under this act, in courts of record, shall be the same as in *other cases at law* in such courts." Thus it will be perceived this is clearly a proceeding at law.

An action of forcible detainer being, as we have just seen, in the strictest sense a proceeding at law, and an estoppel *in pais* affecting real estate being an equitable right, cognizable only in a court of equity, it follows that the circuit court, conceding the existence of the estoppel claimed, properly refused to allow it as a defence to the present action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Sheldon dissents, upon the point that an estoppel *in pais* affecting real estate can only be availed of in a court of equity.

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Mr. Justice Mulkey: In refusing the application for a rehearing in this case, though out of the usual course, we deem it proper to again notice the point mostly relied upon by the appellant for a reversal of the judgment of the court below.

It was earnestly urged on the appeal, and also again upon the petition for a rehearing, that the evidence shows a contract of purchase of the right of way, and that as there has been no failure to perform the contract on the part of the appellant, the action of forcible detainer does not lie. To

this position it is replied, in the opinion heretofore filed in the case, that whether such a contract of purchase was made, was a mixed question of law and fact, to be determined by the judge who, sitting in the capacity of a jury, tried the case in the circuit court. But it is urged again, that there is no conflict in the testimony relating to the alleged contract of sale, and hence it is contended the question becomes purely one of law. This position is not necessarily true, as has been determined by numerous decisions of this court. The evidence tending to establish a contract may be all on one side, and yet may be of such a character as to leave the question as to whether a legal contract was in fact made or not, in extreme doubt; and in such case, where the question has passed through the Appellate Court, as is the case here, this court clearly has no right to review it. The present case illustrates this view of the matter as well as any that could be selected, and for this purpose let us assume the question as to whether a valid contract of purchase of the right of way was in fact made or not, is before us.

First, it is to be observed that the alleged contract is between two corporations, and hence it follows it could only have been made by their respective agents, duly authorized to bind the company by such a contract. It appears from the testimony of Knox, who acted on behalf of appellant, that S. C. Clubb, who assumed to act for the Wiggins Ferry Company, was then the general manager of that company. Now, it is clear this court can not say, as a matter of law, that Clubb, as general manager, had the right, in the absence of any proof of authority to do so, to bargain and sell the company's real estate, or any permanent interest therein. Whether he could lawfully make such a sale, depended entirely upon whether the company had conferred upon him the requisite power for that purpose. This was purely a question of fact for the trial court. Upon looking into the record we find no evidence of such authority having been

conferred upon Clubb, and if we were permitted to pass upon this question, which we clearly are not, we would unhesitatingly hold that the evidence failed to show any authority on the part of Clubb to make the contract in question, and doubtless the trial court came to this conclusion.    However this may be, it will be thus seen that in either view of the case this court is not in a position to afford appellant any relief.    If, as a matter of fact, appellee has so acted as to estop it from enforcing its legal rights by causing a removal of the track of appellant from the premises, its remedy is not here,—it must go into an equitable forum, where matters of this kind are properly cognizable.    Whether any such estoppel exists, is a matter which is not now before us, and is one about which we express no opinion.

The application for a rehearing is denied.

*Rehearing denied.*