MARGARET BAGLEY

v.

THE GRAND LODGE OF A. O. U. W.

*Filed at Ottawa October 31, 1889.*

1. EVIDENCE—*letters written in the interest of the party offering them.* On the trial of an action upon a beneficiary certificate, in which the defense was that the member had forfeited his rights by the non-payment of assessments made against him, the court admitted in evidence, over plaintiff's objection, various letters and correspondence which passed between the grand master of the association and the members of the judiciary committee, in which the facts upon which the plaintiff's claim was based, and the defense of the order, were stated and commented upon at length, and the merits of the plaintiff's demand and the question of the legal liability of the defendant were discussed, and the opinions of the writers of the letters were freely expressed: *Held,* that such letters and correspondence were improperly admitted in evidence.

2. Such opinions, and the statements of the officers of the defendant association, in regard to the law and the facts involved in the suit, made in the absence of the opposing party, are not admissible in evidence. The law does not permit a party to a suit to make evidence for himself.

3. INSURANCE—*benefit certificate—records of the society, as evidence of the rights of its members, and of a new beneficiary.* The records made by a beneficiary association are proper evidence against its members for the purpose of showing a forfeiture of his rights of insurance for the non-payment of assessments made during his life; and when such member has the right to change, at his option, at any time, the beneficiary in his certificate, the person named in such certificate having no vested right in the same, he or she will also be bound by the entries in the records of such association, the same as the deceased member himself. In such case, if the forfeiture occurs in the life of the member, no right will ever become vested in the beneficiary named in his certificate. Such records are at least *prima facie* evidence in respect to the rights of members of the association.

4. PRACTICE—*submission to a jury of mixed question of law and fact.* Where the whole matter in controversy is a mixed question of law and fact, it should be left to the jury, under proper instructions from the court. A question of law, simply, should not be left to the jury.

5. SAME—*special questions to jury—failure to answer them—who may complain.* Where only one of the parties to a suit asks to have special

questions submitted to the jury, which are allowed, he alone may complain of the failure of the jury to respond to them. The other party, by failing to ask special questions, waives his right in this respect, and can not complain of the omission of the jury to do that asked by his adversary. But if it were otherwise, the party complaining, by failing to ask the court to send the jury back, or make any exception, will waive his right.

WRIT OF ERROR to the Appellate Court for the First District; —heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. F. W. BECKER, for the plaintiff in error:

Whether the certificate was legally suspended depends upon two things: First, the existence of a proper notice of the assessment; and second, the existence of a valid assessment. May on Insurance, sec. 562; *Frey* v. *Insurance Co.* 43 U. C. (2 B.) 102.

As to notice, if no notice of the assessment was given, or, what is the same thing, if the notice given was not given in the manner provided for in the constitution and by-laws of the defendant, the defendant was not in a position to declare a forfeiture. High on Ex. Legal Rem. sec. 295; *Sands* v. *Sanders,* 26 N. Y. 240; *Castner* v. *Insurance Co.* 50 Mich. 273; *Sands* v. *Graves,* 58 N. Y. 98; *Sands* v. *Shoemaker,* 4 Abb. App. 149.

The same constitution which provides for forfeiture in case of non-payment of an assessment provides for notice of the assessment. The grand lodge, in exercising the power of forfeiture, must, like a judicial tribunal exercising a special statutory power, pursue the exact course prescribed, and no other; and unless it appears that the exact course prescribed has been pursued, its action is void. May on Insurance, sec. 557; *Haywood* v. *Collins,* 60 Ill. 328; *Carney* v. *Tully,* 74 id. 375; *Railroad Co.* v. *Smith,* 78 id. 96.

This principle applies as well to the provisions which relate to the manner of notification as to those which concern the substance of the notice. *Sands* v. *Sanders,* 26 N. Y. 240.

The plaintiff not being a member of the order, its records as to the assessments, etc., were not competent evidence against her. Angell & Ames on Corp. sec. 679 ; *Haynes* v. *Brown*, 36 N. H. 545 ; *Chase* v. *Railroad Co.* 38 Ill. 215 ; *Williams* v. *Insurance Co.* 68 id. 387 ; *Insurance Co.* v. *Gackerbach*, 115 Pa. St. 492.

If the deceased were a party to the suit, the records of the order would not be evidence against him as to the performance or existence of the conditions aforesaid, because he stood in relation to the order in a dual capacity—that of member and that of contractor. His rights as a contractor are as fully protected by law, and the evidence against him in a suit with the company must be governed by the same rules, as if he were a stranger. Angell & Ames on Corp. sec. 233 ; *Insurance Co.* v. *Connor*, 17 Pa. St. 142 ; *Revere* v. *Boston C. Co.* 15 Pick. 351 ; *Insurance Co.* v. *Fitzpatrick*, 2 Gray, 281.

That the right to make these assessments depended on the conditions named ; that they must be established by affirmative and competent testimony ; that the officers of this order were controlled by the explicit provisions of the constitution in calling the assessment ; and that they must, by proper averment and proof, bring themselves within the terms of those provisions before they can enforce the assessments, or declare a forfeiture for their non-payment, is established by abundant authority. May on Insurance, sec. 557 ; *Insurance Co.* v. *Fitzpatrick*, 2 Gray, 279 ; *Insurance Co.* v. *Comfort,* 50 Miss. 662 ; *Insurance Co.* v. *Guse*, 49 id. 329 ; *Thomas* v. *Whallen,* 31 Barb. 179 ; *Insurance Co.* v. *Schmidt*, 19 Iowa, 503 ; *Society* v. *Weatherby*, 75 Ala. 248.

Mr. JOHN P. AHRENS, for the defendant in error :

The sickness was no excuse for the non-payment of the assessments. *Hawkshaw* v. *Knights of Honor*, 29 Fed. Rep. 770.

Before the death of the member, the beneficiary had no vested interest in the certificate. (*Johnson* v. *VanEpps*, 110

Ill. 551; *Aid Society* v. *Lewis,* 9 Mo. App. 412; *Richmond* v. *Johnson,* 28 Minn. 447; *Foster* v. *Gile,* 50 Wis. 604.) Hence the plaintiff is as conclusively bound by the default of the deceased, and by the records of the grand lodge, as the deceased himself was.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was debt, brought in the Superior Court of Cook county, by plaintiff in error, against defendant in error. The declaration counted upon a beneficiary certificate issued by defendant in error to John H. Bagley, the son of plaintiff in error, since deceased, and in which certificate plaintiff in error was designated as the beneficiary. The contention of defendant in error was, that before the death of the said John H. Bagley, the right to recover the sum of $2000, mentioned in the certificate, was forfeited by the failure of said John H. Bagley to comply with the express conditions upon which said certificate was issued, in that he neglected to pay certain assessments for the beneficiary fund of defendant in error, which were required to be paid by the constitution of the association in order to keep his certificate valid and binding. The verdict and judgment were for the defendant, and there was judgment of affirmance in the Appellate Court for the First District.

The briefs and arguments which are filed here are substantially those which were presented to the Appellate Court, and they are devoted almost exclusively to the discussion of questions of fact, and we are precluded by the statute from the investigation of such questions in respect to judgments in actions at law which have been affirmed in the Appellate Courts. *St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514; *Tibballs* v. *Libby,* 97 id. 552; *Belleville Bank* v. *Bornman,* 124 id. 200.

The trial court admitted in evidence, over the objections and exceptions of the plaintiff, various letters and correspondence which passed between the Grand Master Workman of the Order

of United Workmen and the various members of the judiciary committee of the association, in which the facts upon which were supposed to be based the claim of plaintiff and the defense of the order, were stated and commented upon at length, and the merits of the demand made by plaintiff, and the question of the legal liability of the defendant, were discussed, and the opinions of the writers of these various communications freely expressed. It would seem it needs no argument and no citation of authorities to show this action of the court was erroneous. The opinions of the officers of the defendant corporation were immaterial, and it is contrary to first principles that such opinions, and the statements of the officers of one party to the suit, in regard to the law and the facts involved in the controversy, made in the absence of the opposing party, should go as evidence to the jury trying the issues. The law does not permit a party to a suit to thus make evidence for itself.

Instruction one for defendant is to some extent open to the criticism made upon it, that it submits to the jury for its decision questions of law. (*Mitchell* v. *Town of Fond du Lac*, 61 Ill. 174.) When the whole matter is a mixed question of law and fact, it should be left to the jury, under proper instructions from the court. The objections to the instruction as given can readily be obviated at another trial, without further suggestions from us.

We do not regard instruction six of the same series as erroneous. It was, in substance, that it was not necessary for the defendant to prove the deaths of members, or that they were members of the order, or any other matters set forth in the certified copy of the record of the grand lodge, of the call for the assessments in question, otherwise than by such copy, and that said certified copy of the record was sufficient evidence of the facts therein stated, for the purposes of the case, without any further evidence of such matters. It is claimed this record was not competent evidence of the existence of the conditions precedent to the making of the assessments for the

non-payment of which a forfeiture was declared. Section 17 of article 9 of the constitution of the order, made express provision whereby a member might, at his option, at any time, change the beneficiary in the certificate held by him, and plaintiff had no vested interest in the certificate of the deceased member under whose certificate she claims, before the death of such member. The assessments and the record were made, and the cause of forfeiture accrued, and the forfeiture was declared, in the lifetime of the deceased. He being a member of the association, the records made by it were evidence against him. The assessments were against him, and it was his right which was forfeited, if there was any lawful forfeiture, and not any right which was vested in plaintiff; and if the forfeiture was valid, no right ever did vest in plaintiff. If the theory of plaintiff is correct, and it is required of defendant to establish, in the first instance, otherwise than by its record, and by direct and affirmative testimony, all the conditions precedent to the call of the assessments, then the burden would be imposed upon it of producing the witnesses to prove the death of every member who had died since the incorporation of the order, whose beneficiary certificate had been paid, and that every such member was in good standing when he died, and also of showing every dollar paid into the beneficiary fund and paid out of that fund during the same period of time,—all this would be necessary in order to show what moneys had been received and what payments had been made, by reason of which the beneficiary fund had fallen below $2000, and a new assessment thereby justified under the laws and regulations of the order. The record of the association is at least *prima facie* evidence in respect to the rights of its members, but probably subject to contradiction by proof of fraud, mistake, or other matter in rebuttal.

No other objection is made to the rulings of the trial court, but it is urged as error that the jury failed to find specially upon the material questions of fact submitted to them. It

appears from the record that the jury, at the request of the defendant, was instructed to find specifically upon fifteen questions of fact, but neglected to do so, and returned only a general verdict in favor of defendant. The statute of 1887 provides a jury "may be required by the court, and must be so required on request of any party to the action" to make special findings. The statute also provides, that "the submitting or refusing to submit a question of fact to the jury when requested by a party,   *   *   *   may be excepted to, and be reviewed on appeal or writ of error, as a ruling on a question of law." The submission here was not by the court of its own motion or by the request of the plaintiff, but at the special instance and request of the defendant in the action. Under such circumstances, the submission of the special questions of fact was, under the statute, for the benefit of the party asking such submission, and it—and it only—had a right to complain of the failure of the jury to respond to the requests for such findings. The plaintiff, by her failure to propound special interrogatories, waived her statutory right to have special findings, and she can not complain of the omission of the jury to do that which was asked of them by her adversary. The error alleged is not in respect to the action of the court in submitting or refusing to submit questions of fact to the jury, but for the failure of the latter to respond to the requests of the opposite party in interest. Even if plaintiff had a right to insist the answers should be made, she clearly waived such right by her conduct, in neither asking that the jury should be sent back to their jury-room for the purpose of agreeing upon their answers to the special questions, nor excepting to the failure to answer the same, but, on the contrary, excepting only "to the finding of the jury."

For the errors we have mentioned herein, the judgments of the Superior and Appellate Courts are reversed, and the cause is remanded to the Superior Court.

*Judgment reversed.*