56  203
158s 560

# Carrie C. Van Frank et al. v. The United States Masonic Benevolent Association.

1. BENEFICIARY ASSOCIATIONS—*Failure to Pay Assessments—Declaration of the Insured.*—A failure to pay the assessment renders the certificate void.   As the member has the power to change the beneficiaries as well as to terminate the whole matter by failing to pay assessments and defeat the expectation of the beneficiary, his declaration is competent to show that he has done so.

2. SAME—*Records, Proof of Assessments—Notice.*—The record of the making of an assessment by a beneficiary association is *prima facie* evidence of the fact.

**Memorandum.**—Assumpsit.   In the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding.   Declaration on a certificate of a beneficiary association; pleas, general issue and special plea; trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed.   Opinion filed October 29, 1894.

APPELLANTS' BRIEF, J. C. BROADY AND J. F. CARROTT, ATTORNEYS.

A forfeiture of the nature relied upon by the defendant in this case is a matter of strict legal right, and the defendant, in order to assert it, must abide inflexibly by the terms of its contract.   Metropolitan Acc. Asso'n v. Windover, 137 Ill. 417.

A certificate of insurance in a mutual benefit association is *prima facie* evidence of the member's good standing at and after the time it was issued, and in an action on such certificate the burden is on defendant to show that the member had lost such standing at the time of his death.   Mulroy v. Sup. Lodge K. of H., 28 Mo. App. 463; Forse v. Sup. Lodge K. of H., 41 Mo. App. 106.

In an action on a mutual benefit insurance certificate, where forfeiture on the ground of non-payment of an assessment is relied on as a defense, and non-payment of such assessment has been proven, the burden is still on defendant company to show that the assessment was regularly and

properly levied according to its laws.   Demings v. Supreme Lodge K. of P., 14 N. Y. S. 834.

### APPELLEE'S BRIEF, CLARK VARNUM, ATTORNEY.

All the contracts of a mutual insurance association or company are made with reference to all the laws of the organization, and such laws, whether contained in the charter or by-laws, are deemed a part of each contract of membership and are binding on all members.   Supreme Lodge K. of P. v. Knight, 117 Ind. 489;  Bogards v. Farmers' Mut. Ins. Co., 79 Mich. 440;  Insurance Co. v. Barstow, 8 R. I. 343; Commonwealth v. Insurance Co., 112 Mass. 142, 112 Mass. 116;  Insurance Co. v. Gachenbach, 115 Pa. St. 492;  Training School v. Insurance Co., 18 Atl Rep. 392;  Shaw v. National Ben. Association, 7 N. Y. Supp. 287;  Sands v. Shoemaker, 4 Abb. App. Dec. 149;  Planter's Insurance Co. v. Comfort, 50 Miss. 62;  Bersch v. Insurance Co., 28 Ind. 64; Holland v. Chosen Friends, 25 Atl. Rep. 367.

The mutual rights of members of mutual benefit associations, whether voluntary or corporate, depend upon the constitution and by-laws, which have the effect of a contract, whose provisions are binding upon all.   Bauer v. Sampson Lodge K. of H., 102 Ind. 262;  Maderia v. Merchants' Exchange Society, 16 Fed. Rep. 749;  Karcher v. Knights of Honor, 137 Mass. 368;  Penfield v. Skinner, 11 Vt. 296; Treadway v. Hamilton, 29 Conn. 68;  Walsh v. Ætna, etc., Ins. Co., 30 Iowa 145;  Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. St. 402;  Brewer v. Ins. Co., 14 Gray (Mass.) 203.

Members of mutual benefit companies also, are conclusively presumed to know what the laws of the organization are, and must act accordingly.   See cases above cited, and also Pfister v. Gerwig, 222 Ind. 567;  Coleman v. Knights of Honor, 18 Mo. App. 189;  Coles v. Ins. Co., 18 Iowa 425; Fugure v. Mut. Society of St. Joseph, 46 Vt. 368;  People v. St. George Society, 28 Mich. 261;  Sperry's Appeal, 116 Pa. St. 391;  Osceola Tribe v. Schmidt, 57 Md. 98;  Belleville Ins. Co. v. Van Winkle, 12 N. J. Eq. 335;  Hanf. v. N. W. Masonic Aid Association, 45 N. W. Rep. 315;  Hood v.

Hartshorn, 100 Mass. 117; Roe v. Williams, 97 Mass. 163. Davenport v. Ins. Co., 10 Daly 535; Canal Co. v. Coal Co., 50 N. Y. 250; Lafond v. Deems, 81 N. Y. 507; Hudson v. McCartney, 33 Wis. 331; Herrick v. Belnap, 27 Vt. 673; U. S. v. Robeson, 9 Pet. (U. S.) 319; Trott v. Ins. Co., 1 Cliff. (U. S.) 439; Vincy v. Bignold, 20 Q. B. Div. 172.

The record of the proceedings of the defendant association is competent evidence. Owings v. Speed, 5 Wheat. (U. S.) 420; Bagley v. A. O. U. W., 131 Ill. 498.

It is not necessary for defendant, in order to justify the making of an assessment, to prove that members had died, or that they were in good standing, or that the necessity for an assessment existed; the record of the association is *prima facie* evidence of these facts. Bagley v. A. O. U. W., 131 Ill. 498.

The evidence of the conversation between Jasper and the member, G. H. Van Frank, was competent, because Van Frank, under the articles of incorporation of the defendant association, was the owner of the certificate and had the right to change the beneficiary at pleasure, or to pay up his assessments or not, as he chose. Hansen v. Knights of Honor, 140 Ill. 301.

Mr. Presiding Justice Wall delivered the opinion of the Court.

This action was brought upon two certificates of membership to Gerrit H. Van Frank, issued by the appellee.

The appellants were the beneficiaries named in the certificates, and the said Gerrit H. Van Frank having died they sought to recover the indemnity provided by said certificates. The defense was that the said Gerrit had failed to pay the assessments of September, 1891, for $8.80. The case was tried by jury and the verdict was for defendant. Judgment was entered accordingly, fiom which this appeal is prosecuted.

By the express terms of the certificate, as well as the applications therefor, a failure to pay assessments rendered the certificates null and void.

There can be no doubt that the defense was made out by competent proof.

The record showing the assessment was introduced and it appeared that notice thereof in proper form was duly mailed to Mr. Van Frank.

The record was full *prima facie* proof of the assessments (Bagley v. A. O. U. W., 131 Ill. 498), and the mailing of the notices was, under the provisions of the certificates, all that was necessary to show on this point. The defendant went further, however, and proved personal service of the notice, and the declaration of Van Frank that he did not intend to pay the assessment. No objection to this proof was made at the trial, but it is now insisted that such declaration was incompetent as against the beneficiaries. Waiving the failure to object at the proper time, and that without this proof the defense was amply made out, we are of opinion that as Van Frank had the power to change the beneficiaries, as well as to terminate the whole matter by failing to pay assessments and thus defeat the expectation of the beneficiaries, that his declaration was competent to show that he had done so. Hansen v. Supreme Lodge K. of H., 140 Ill. 301. The objection that the notice, which was of date September 1st, was actually mailed a day or two sooner, is without force.

Assessments were made six times a year, September 1st being one of the fixed dates, and each assessment was for the losses occurring during the two months preceding.

How the fact that the notice was sent a day sooner than necessary could invalidate what was so done is not apparent.

Much complaint is made in the brief as to the action of the court in reference to numerous instructions asked by the plaintiffs and refused, as well as to some given at the instance of the defendant.

We shall not undertake to consider the points thus presented for the reason that upon the proof the verdict could not have been for the plaintiffs. The defense was perfectly clear. Such being the case, we ought not to reverse the judgment, even though technical error might be found in the rulings of the court as to instructions. The judgment will be affirmed.