THE INSURANCE COMPANY OF NORTH AMERICA

*v.*

J. W. BIRD *et al.*

*Opinion filed October 24, 1898.*

1. VARIANCE—*an objection of variance not made below is waived.* To insure the consideration by the Supreme Court of an objection of variance between the allegation and proof, the record must show the objection was made at trial and the variance pointed out.

2. INSURANCE—*whether oral contract of insurance exists is a question of fact.* The question whether an oral contract of insurance was made is properly presented to the jury under an instruction requiring them to find that the parties agreed upon the company in which the insurance was to be placed, that the amount of the insurance was definitely fixed, the duration of the risk agreed upon, and that the contract was definite and certain; and the jury's finding in favor of its existence, and the Appellate Court's judgment of affirmance, are conclusive of that question in the Supreme Court.

*Insurance Co. of North America* v. *Bird,* 74 Ill. App. 306, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. DORRANCE DIBELL, Judge, presiding.

THOMAS BATES, and D. R. BURKE, for appellant.

LINCOLN & STEAD, and REEVES & BOYS, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was an action of assumpsit, brought in the circuit court of LaSalle county by appellees upon an alleged parol contract of insurance, against appellant, in which appellees recovered a judgment for $1100, which was, on appeal to the Appellate Court, affirmed, and appellant has further appealed to this court.

The appellees' property had been insured in the appellant company through Baker & Williams, its agents at Streator, Illinois, for a number of years, a new policy

having been issued each year. While holding such a policy, expiring January 18, 1893, on their store building and furniture and organ located in Kangley, Illinois, for $1375, the appellee Bird, about Christmas, 1892, as he testified, visited the agents' office and told Williams that he had discovered a mistake in the description of the lot, and wanted a new policy written out at once and that correction made; that Williams said "all right," and made a memorandum of it, and that he (Bird) paid Williams something over $26 as the premium and took a receipt for it; that the policy was never delivered to him; that on November 25, 1893, the building was destroyed by fire, and also the receipt, and on application to Williams the policy could not be found, and appellant afterward refused to pay the loss. Williams testified that he had no recollection of any such conversation, and showed that he had made no entries concerning the alleged policy or the receipt of the premium in his books. He denied receiving the money and the making of the alleged contract. There was thus presented a direct conflict of testimony on the vital point whether or not a parol contract of insurance had been entered into between Bird and Williams.

It is contended that the contract lacked a number of essential elements of such contracts, namely, that the time when the policy was to attach, the time it was to run and the company in which it was to be written could not be ascertained from the testimony with certainty. On this subject the court gave the following instruction for the appellant:

"The court instructs the jury that in order to make a valid contract of insurance several things must concur: First, the parties must agree upon the company in which the insurance is to be placed; second, the amount of the insurance must be definitely fixed; third, the duration of the risk must be agreed upon, and the contract must be definite and certain. The absence of either or any of these requisites is fatal, and if you believe, from all the evi-

dence in this case, that all of the above requisites were not mutually agreed upon and understood prior to the destruction of the property, then the plaintiff is not entitled to recover and your verdict should be for the defendant."

The question of fact was properly submitted to the jury under proper instructions from the court, and the judgment of the trial court and its affirmance by the Appellate Court are final and not subject to review here. *St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514; *Meyer* v. *Butterbrodt*, 146 id. 131; *Everts* v. *Lawther*, 165 id. 487.

No question is raised as to the instructions, except error is assigned upon the refusal of the court to instruct the jury to find for the defendant, but as there was sufficient evidence upon which to submit the case to the jury the instruction was properly refused.

It is further insisted that there is a variance between the allegations in the declaration and the proof. The declaration alleges that the insurance was to commence on January 18, 1893, and Bird testified that he wanted a new policy written out at once and the correction of the mistake made. We see no variance here. The jury and the circuit and Appellate Courts found from this testimony and the other evidence in the case that he wanted a new and correct policy written out at once, to commence when the old one expired. The declaration but states the effect of Bird's words. Besides, we have been unable to find in the record any objection to the evidence made at the time, based upon an alleged variance. If such variance appeared, the record should show that it was pointed out to the trial court and an objection urged on that ground. Failing to do this, the objection was waived. *Libby, McNeill & Libby* v. *Scherman*, 146 Ill. 540.

Nor do we find the point well taken that the court admitted improper evidence over the objection of defendant. There was no error in this regard.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*