MRS. H. ANDERSON, Admx.

*v.*

THE MUTUAL RESERVE FUND LIFE ASSOCIATION.

*Opinion filed December 22, 1897—Rehearing denied February 2, 1898.*

1. APPEALS AND ERRORS—*question of agent's authority is one of fact.* Whether the agent of a mutual life insurance association had authority to bind the association by a letter to a member stating that the association had accepted such agent as surety for the payment of the member's dues, is a question of fact conclusively settled by the judgment of the Appellate Court.

2. INSURANCE—*when levy of assessment for dues is prima facie evidence against members.* The levy of an assessment for dues in a mutual insurance association is *prima facie* evidence against members, where the record of the assessment contains the necessary data for computing the amount, and recites that the resolution ordering the assessment "was unanimously adopted by the directors as a board and by the executive committee."

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

FIFER & BARRY, for plaintiff in error.

KERRICK & BRACKEN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit by plaintiff in error, as the administratrix of Samuel T. Anderson, deceased, against defendant in error, on a policy of insurance on the life of deceased for $2000. The declaration averred that the plaintiff's intestate was a member in good standing of the defendant association at the time of his death, and had complied with all the laws and requirements of the association, and paid all premiums, dues, assessments and other charges for which he was liable under his contract with the same.

One of the defenses offered at the trial was failure to pay the stipulated and assessed bi-monthly mortuary dues

of $7.82 within thirty days from the first week day of the month of June, 1896. Plaintiff introduced in evidence, over the objections of defendant, two letters, which, she claimed, showed that said dues were paid in advance to a time subsequent to her husband's death. These letters were, one from J. W. Stevenson, assistant secretary of the association, to A. W. Rollins, its agent at Springfield, Illinois, and one from said Rollins to the deceased, and are as follows:

*"December 27, 1895.*

*"Mr. A. W. Rollins, 311 South Sixth street, Springfield, Ill.:*

"DEAR SIR—Enclosed herewith we forward you policies Nos. 200,516 and 200,517, issued to Mr. S. T. Anderson, for $3000 and $2000, respectively. The issue of these policies has been approved by the executive committee, subject to its resolution of September 13, 1893, with which you are familiar and which requires that before the policies are delivered to Mr. Anderson he is to forward, direct to the home office, the amount of the general expense fund, $15, and four (4) bi-monthly mortuary premiums in advance,—the reason for this conditional approval being the fact that he formerly held policy No. 178,240 in this association, upon which no mortuary payments were made; and as evidence of his good faith that he does not intend to treat these policies in the same manner, the association desires that the above conditions be complied with.

"Yours truly,

J. W. STEVENSON, *Ass't Sec."*

"SPRINGFIELD, ILL., *Feb. 23, 1896.*

*"Dear Dr. Anderson*—If you have not already attended to the matter, *do not fail* to send the home office the $15 due on your policies 200,516 and 200,517, on or before Tuesday. The enclosed letter from the association was with the policies when they reached me, but all the same I forward them to you, and wrote Mr. J. W. Stevenson that I would become personally responsible that the payments would be made in regular order as they came due for the time specified, as I was satisfied of your good faith in the premises, and subsequently I received a letter from Stevenson stating that my action was satisfactory, inasmuch as I had assumed the responsibility as stated.

"Yours, with kindest regards,

A. W. ROLLINS."

It was also claimed by plaintiff that no valid assessment for the month of June, 1896, had been shown. The plaintiff recovered judgment in the circuit court of McLean county, which, on appeal to the Appellate Court, was reversed without remanding, and the Appellate Court made a special finding of the facts, that the policy of insurance sued on had become null and void before the death of Anderson by reason of the non-payment of the aforesaid bi-monthly dues, and further, that such payment had not been waived by the association. The case is here on a writ of error to the Appellate Court sued out by plaintiff below.

The contention of plaintiff in error is limited to two points: First, that these two letters prove payment of the bi-monthly dues for the alleged non-payment of which the Appellate Court found the policy became null and void, or, if they do not show payment, they show that the association accepted Rollins' written promise as security, and that the policy could not be forfeited without return of the written promise and notice to the assured; and second, it is contended that there was no valid assessment of said dues, and that this question is saved as a question of law by the refusal of the trial court to so instruct the jury, and by the giving of an instruction that there was a valid assessment of such dues.

Whether, by a mere construction of the two letters, it could be held as a question of law that they prove payment or the giving of security for payment, it is not necessary to decide, for it was a question of fact whether or not the association actually accepted the alleged assumed responsibility of Rollins as payment or security. Nothing is shown on this question which we can consider, except what is contained in Rollins' letter, and whether or not he had authority to bind the association by such a letter was a question of fact, upon which the decision of the Appellate Court is conclusive.

As to the second point, that there was no valid levy of the assessment and that the trial court erred in not so instructing the jury and in instructing them that there was a valid assessment, it may be said that, in addition to the special findings of the Appellate Court, (which necessarily included a finding of the facts showing that there was such an assessment,) it appears to be clear that no error was committed, as contended.   The objections to the proof of the levy of the assessment are, in the main, that the assesssment was made by the executive committee at its meeting, and not by the board of directors, as required by the by-laws, and because the record of the assessment does not show how many or which of the directors were present.   We are of the opinion the objections are not well taken.   The record shows on its face that the resolution ordering the assessment "was unanimously adopted by the directors as a board, and by the executive committee," and it contained the necessary data for computing the amount.   Nor is it contended that the amount assessed was erroneous.   There was no evidence tending to impeach or rebut the levy of the assessment, and it was *prima facie* evidence against the members of the association.   (*Van Frank* v. *United States Masonic Benevolent Ass.* 158 Ill. 560; *Bagley* v. *Ancient Order United Workmen*, 131 id. 498.)   Besides, the policy was made— quoting from it—"upon the condition of the payment of $7.82, on account of mortuary premiums and dues, within thirty days from the first week day of the months of April, June, August, October, December and February next ensuing, and of the payment as hereinafter provided, within thirty days from the first week day of said months, in every year during the continuance of this policy, of the subsequent mortuary premiums and dues," thus fixing the amount to be paid during the first year, and for the non-payment of which the policy was, by its terms, forfeited.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*