## Supreme Council American Legion of Honor v. Melanie Haas, by next friend.

### Gen. No. 11,338.

1.  Assessment—*burden of proof to establish default in payment of.* The burden of proof is upon the society to establish an alleged default in the payment of an assessment, and such burden, likewise, extends to the showing that such assessment was regularly levied in accordance with its own laws providing therefor.

2.  Assessment—*how proof of validity of, made.* Such proof can in the first instance be made by the society by the introduction of its own records or else it can be established by direct and affirmative testimony.

3.  Assessment—*construction of by-laws regulating making of.* By-laws of a fraternal benefit society providing for the levying of an assessment against members thereof, are to be strictly construed so as, if possible, to prevent forfeitures.

4.  Assessment—*when, illegally made.* An assessment made by a fraternal benefit society is illegal where its by-laws provide that such assessments may be made by its executive committee if necessity re-

quires, and it does not affirmatively appear from the proof offered that such necessity was shown prior to the levying of such assessment.

5. ASSESSMENT—*what notice essential to validity of.*  In the absence of a provision in the by-laws of a fraternal benefit society providing for the kind of notice to be given to members of an extra assessment, it is essential that actual notice thereof should be given to each member in order that non-payment of such assessment may become a legal ground of forfeiture.

Action of assumpsit.  Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1903.  Affirmed.  Opinion filed October 25, 1904.

**Statement by the Court.**  This is an action to recover on a benefit certificate issued by appellant to one John Haas in his lifetime.  By the terms of the certificate appellant agreed to pay appellee, the daughter of John Haas, $2,000 upon proof of the latter's death "while in good standing upon the books of the Supreme Council," subject, however, among other conditions, to payment by such member of "all assessments called within the time and in the manner required by the by-laws of the Supreme Council."  It appears from the evidence that John Haas, not being in good health, left his home in Chicago some time in February, 1901, not knowing exactly where he would locate, leaving his child, the appellee, with his brother-in-law in Chicago.  He died March 22, 1901, in Port Angeles, Washington, and the news of his death was the first tidings of him received after he left Chicago.  At the time he went away he was in good standing as a member of the appellant organization.  He failed, however, to pay an extra assessment number 45, which was levied by appellant, payable on or before March 15, 1901, and of which, having left Chicago just before it was mailed, he received no actual notice.

The by-law under which the unpaid extra assessment was levied is as follows:

"56.    On or before eleven o'clock P. M. of the last day of each calendar month, every member of the Order shall pay to the collector of his Council, and without notice, one assessment in accordance with the table of rates in by-law

No. 54.   If necessity require, the Executive Committee may at any time call an extra assessment of the whole or any part of the table of rates, which shall be payable on or before eleven o'clock P. M of the fifteenth day of the month succeeding the date of the call.   In default thereof a member shall stand suspended from membership in the Order and all benefits therein, and his Benefit Certificate shall be void.   If the last day of payment of any assessment falls on a Sunday or a legal holiday, the members shall have until eleven o'clock P. M. of the next succeeding day to pay the assessment.   Notice of all assessments shall be given to every Council in such manner as the Executive Committee shall direct."

CARLOS S. HARDY, for appellant; EDWARD H. ALLING, of counsel.

WILLIAM VOCKE and WILLIAM MANNHARDT, for appellee; VOCKE & HEALY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that by reason of failure to pay the extra assessment due March 15, 1901, the membership of John Haas was suspended and his benefit certificate upon which this suit is brought became void. This conclusion might be justified if the assessment in controversy was regularly levied and called in compliance with the laws of the appellant organization, so that the member's failure to pay it after proper notice was a violation on his part of the rules to which he subscribed when he became a member, such as to work a valid forfeiture.   It is claimed on the part of appellee that the extra assessment in question was not levied in compliance with the rules and regulations of the appellant and was therefore invalid, and that no sufficient notice of that assessment such as the law requires was ever given.

The burden of proof was upon appellant to establish the alleged default by competent proof and to show that the assessment was regularly levied in accordance with its own laws providing therefor.   Northwestern T. M. Assn. v. Schauss, 148 Ill. 304–307.   This could be done in the first

instance by its own records and if need be by direct and affirmative testimony. The deceased being a member, the records made by appellant were evidence against him. Van Frank v. U. S. Ben. Assn., 158 Ill. 560–564; Grand Lodge v. Bagley, 164 Ill. 340–343; Anderson v. Reserve Fund Life Assn., 171 Ill. 40–43; Bagley v. Grand Lodge of A. O. U. W., 131 Ill. 498–503. In the case last cited it is said: "The record of the association is at least *prima facie* evidence in respect to the rights of its members, but probably subject to contradiction by proof of fraud, mistake or other matter in rebuttal."

There is no question that under the by-law quoted in the foregoing statement appellant's executive committee had power to levy an extra assessment, if necessity required. This is the condition prescribed in the by-law, and such provisions are to "be strictly construed, so as to prevent forfeiture if possible." Northwestern T. M. Assn. v. Schauss, 148 Ill. 304–311; Grand Lodge v. Bagley, 164 Ill. 340–343. The by-law referred to provides for regular assessments payable on the last day of each calendar month; but extra assessments such as that under consideration may be called only "if necessity require." The burden was upon appellant, therefore, to show that necessity did require the levy of the extra assessment under consideration and that the requirement of its own laws was complied with in this respect, when it seeks to forfeit the benefit certificate in controversy by reason of the member's failure to pay such extra assessment. Appellant introduced in evidence its record showing the proceedings when this extra assessment was levied. This record shows only that the supreme secretary submitted a statement of the number of unpaid death claims on file and outstanding, whereupon after a general discussion it was voted to call the regular assessment, number 44, due February 1, 1901, and also to call an extra assessment, number 45, payable by March 15, 1901. It seems too clear for argument that this record fails to show any necessity for the extra assessment. As said in Grand Lodge v. Bagley, *supra*, on page 343: "The ques-

tion here is one of forfeiture, and no liberal construction or intendment will be indulged in favor thereof." It cannot be presumed, as appellant's counsel argues should be done, that the executive committee determined that necessity required the levy, because of the fact that they made it. Nor is it sufficient that the secretary testified on the trial that the necessity was shown by his report of death claims on hand "approved, provision for payment of which had to be made." It was for the executive committee, not the secretary, to determine the necessity and preserve in their record such finding or the evidence upon which it was based. It is manifest that other factors than the mere number of death claims outstanding were to be considered in determining that necessity required an extra assessment; such for example as the amount of the outstanding claims, the funds on hand applicable to their payment, and whether the regular assessments would suffice. So far as this record shows, the extra assessment was called as a matter of course in the same way as the regular assessment called at the same time, and without any special consideration of its necessity. If in fact necessity did so require, the record fails to show it, and it fails to show facts by which the court can so determine.

It is urged in behalf of appellee that the notice of the extra assessment given to the member now deceased was insufficient. We are compelled to regard this contention as well founded. The by-law, referred to above, requires notice to be given only to the subordinate councils and "in such manner as the Executive Committee shall direct." It appears that notice of the assessment was sent by the executive committee of appellant to the subordinate council of which the deceased was a member, and the collector of the subordinate council sent notice of the assessment to the last known and usual address of the deceased in Chicago. This notice, and a copy of an official publication of the appellant containing a notice of the assessment sent about March 1, 1901, to the same address, failed to reach Haas, who had left his former place of residence in Chicago be-

tween the 15th and 20th of February preceding. The notice was subsequently delivered at the home of the brother-in-law of the deceased member. No actual notice of the extra assessment therefore reached the member in his lifetime. There is no provision in the by-laws for notice to the individual member, and in the absence of such provision actual notice was necessary. Ry. Pass. & F. Conductors' Ben. Assn. v. Leonard, 82 Ill. App. 214–218. Whatever presumption of the receipt of notice by Haas might otherwise arise from the fact that notice was mailed to his address, is rebutted by proof that in fact the notice did not reach him. There is nothing to indicate that Haas intended to terminate or abandon his membership in appellant association. Having received no actual notice of the extra assessment, Haas was not in default because of his non-payment of it, and his membership certificate was not thereby forfeited.

Upon both grounds, therefore, invalidity of the assessment and want of notice, the judgment of the Superior Court is correct and is affirmed.

*Affirmed.*