## Illinois Commercial Men's Association v. Mary M. Perrin.

### Gen. No. 4,840.

1. CORPORATIONS—*when directors' meeting valid and regular.* When all directors are present and participate in a meeting, sufficient notice will be presumed in the absence of evidence to the contrary.

2. FRATERNAL BENEFIT SOCIETIES—*what essential to valid assessment.* Where the power to make an assessment is permitted upon an existing necessity therefor, it is incumbent upon the society, in order to establish the validity and propriety of the assessment, to show by affirmative evidence that the necessity existed.

3. PRACTICE—*when ruling erroneous for reason assigned, will not be sustained notwithstanding existence of valid reason therefor.* An erroneous ruling to a specific objection will not be sustained even though the ruling is correct for another and unassigned reason if the party against whom the ruling was made would be prejudiced by the sustaining on review of the ruling because of the unassigned reason.

4. INSTRUCTIONS—*error to refuse, which tell jury that they must not disregard law given by court.* It is error to refuse an instruction which tells the jury that the instructions given by the court are the law and that they have no right to disregard any of them.

5. INSTRUCTIONS—*when, upon credibility of witnesses, properly refused.* An instruction upon the credibility of witnesses is properly refused where it employs the phrase, "circumstances appearing on the trial," instead of the clause, "circumstances appearing in evidence."

6. INSTRUCTIONS—*when upon preponderance of evidence properly refused.* An instruction upon the question of the preponderance of the evidence is properly refused which omits from the matters to be considered by the jury "the number of witnesses testifying to any particular fact or state of facts."

Assumpsit. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

JAMES MAHER, for appellant.

CHARLES B. OBERMEYER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The appellant is a mutual accident insurance company doing business on the assessment plan, and is engaged in insuring commercial travelers against accident. On November 7, 1903, appellant received Frank E. Perrin as a member, and issued to him a policy of insurance or benefit certificate, providing that in consideration of the payment of certain annual dues and also upon the payment of all assessments made and assessed against him as a member of said association, within the time provided for the payment thereof, there shall be paid to said member certain benefits in case of accidental injury, and in case of accidental death of said member, there shall be paid to Mary M. Perrin, mother of said member, the sum of $5,000 subject to the provisions of the by-laws of said association and all amendments thereto. On the night of July 16, 1904, Frank E. Perrin, in attempting to get on a moving freight train at Lake Bluff, received such injuries that he died three days later. Mary M. Perrin, the beneficiary named in the policy, brought this suit against the insurance association and recovered a verdict for $5,000 on which judgment was rendered against it. The association appeals from this judgment.

The declaration contains two counts based upon the benefit certificate. The defendant filed the general issue and two special pleas. No replications were filed to the special pleas, but the appellant states and the appellee conceded that it was agreed (although this agreement appears to have been omitted from the record), that the special pleas might be disregarded, and that all proper defenses might be made, and all competent and proper evidence introduced under the general issue with the same effect as if special pleas had been filed.

Appellant contends that there is error in the following particulars: (1) That it made an assessment of $2 on each member of the association on April 30, 1904, called June 1, and due July 1, 1904, and that this assessment was not paid, and that the certificate had lapsed at the time

Perrin received the injury, and that the court erred in sustaining objections to and excluding evidence regarding this assessment, and also in sustaining objections to evidence offered to show the mailing of a notice of that assessment to Frank E. Perrin; (2) that the membership was void because the applicant stated in his application for membership that he had been a commercial traveler for one year preceding the application, whereas he had not been a commercial traveler that length of time; (3) that appellee cannot recover, for failure to give the association written notice of the death within fifteen days thereafter, and to present proof of death within thirty days, as required by the by-laws; (4) that appellee cannot recover, because the deceased was not exercising due care for his self-protection as required by the by-laws at the time he met the accident which caused his death; (5) that appellee cannot recover, because at the time deceased was injured he was violating a law of the State, and under the by-laws that invalidated the certificate; (6) that there was error in giving and refusing instructions.

Section 1 of article III of the by-laws of the association provides: "The officers of the association shall be a president, a vice-president, a secretary and treasurer, and a board of directors consisting of ten members." Section 1 of article VI of the by-laws provides: "The board of directors may order an assessment of not to exceed two dollars upon each member of this association when needed." Section 4 of article X provides: "The board of directors shall hold a regular meeting at such time in each month as they may select, to consider such business as may come before them, and they shall hold such special meetings as the interests of the association may require, such meetings to be called by the president, or in his absence by the vice-president. The secretary shall mail to each member of the board of directors, not less than three days before every regular and special meeting of such board of directors, a notice of the time and place of such meeting."

Oral proof was made that for thirteen years the board of directors had met regularly on the last Saturday of every

month. On the back of the application for membership signed by Frank E. Perrin is printed the following: "The regular board meetings are held the last Saturday of each month at the office of the association in Chicago, Ill." The appellant offered in evidence the record of a meeting of the board of directors held on Saturday, April 30, 1904, as follows: "April 30, 1904. The regular meeting of the board of directors was called to order by President Geo. W. Smith, at 8.20 P. M. The following members answered to roll call: president, George W. Smith; vice-president, L. A. Tyler; R. F. Carr, C. C. Fitzmaurice, R. G. Murdock, F. W. Seyfaith, F. A. Warren, R. M. Sweitzer, W. W. Kinkley, J. W. Stoll, S. S. Blum, and F. F. Joyce."

"The minutes of the regular meeting of March 26, 1904, were read and approved." * * * "Moved by Mr. Blum, seconded by Mr. Carr, that assessment No. 41, $2.00 from each member, be called June 1st, due July 1, 1904. Carried." * * * "Approved May 28, 1904. R. A. Cavenaugh, Sec'y & Treas." * * *

The minutes of the meeting of May 28th, showing a full board present and the approval of the record of April 30th, were also offered in evidence. One of the duties of the secretary as provided in the by-laws is, "to prepare and send all notices of meetings of the association and of the board of directors." The secretary, Cavenaugh, testified that about seven days before April 30th, he wrote ten letters, one to each member of the board of directors, and sent one by mail to each director at his address, but was not permitted to give the contents of the letters for the reason it was not shown that the originals could not be produced or that he did not have a copy thereof.

The appellee objected to the record of the meeting at which the assessment was made for the reason it was not proved that the meeting was regularly called and that it was not proved that the secretary had sent out the notice required by the by-laws. The court remarked, "There is nothing here to show it was called legally or properly in accordance with the by-laws, unless it was so done it is my

impression that it would not be a regular meeting that would be binding on any outsider," and sustained the objection. After the objection had been sustained the further objection was made that there was no showing that there was any necessity for the assessment. Counsel for appellant stated that the board of directors did not need to show their reasons for those things, and the court remarked that that was a matter within their discretion. The court sustained the objection to the record because of the first reason assigned. The record itself shows that every director and all the officers were present at the meeting of April 30th. When all the directors are present and participate in the meeting sufficient notice will be presumed, in the absence of evidence to the contrary. Sargent v. Webster, 13 Met. (Mass.), 497; Chase v. Tuttle, 55 Conn., 455; Minneapolis Times Co. v. Nimocks, 53 Minn., 386. The court erred in excluding the evidence because of the failure to prove the mailing of notice of the meeting by the secretary. Had the court sustained the objection because of failure to prove the necessity of the assessment alone we are of the opinion the ruling would have been correct, but the intimation was that that was not necessary. The by-laws providing that "The board of directors may order an assessment of not to exceed two dollars upon each member of this association when needed," the necessity of the assessment was a prerequisite to making it. The resolution not showing within itself that necessity, it devolved upon the association to show that fact by direct and affirmative testimony before the resolution could be admitted. Bagley v. Grand Lodge of A. O. U. W., 131 Ill., 498; Northwestern T. M. Assn. v. Schauss, 148 Ill., 304; Supreme Council Am. Leg. of Honor v. Haas, 116 Ill. App., 587; Mutual Aid Assn. v. Hogan, 124 Ill. App., 447. Had it not been intimated that proof of the necessity of the assessment was not a prerequisite, and the objection to the record had been sustained because of such failure of proof alone, the appellant might have made that proof. The court having sustained the objection for a particular reason urged

by appellee, he should not now be permitted to urge an entirely different reason.

Instruction No. 2 asked by appellant and refused said that the instructions given by the court are the law and that the jury had no right to disregard any of them. We hold that this announced a correct proposition of law. In criminal cases juries are the judges of the law, and some of the jurors may have sat in such cases and know that state of the law, and it was proper to advise them that they were not at liberty to disregard the instructions of the court. Instruction five on the credibility of witnesses was properly refused because it used the phrase, "circumstances appearing on the trial" instead of "circumstances appearing in evidence." Instruction No. 6 upon the preponderance of the evidence, omitted from the matters to be considered by the jury "the number of witnesses testifying to any particular fact or set of facts." E., J. & E. Ry. Co. v. Lawlor, 229 Ill., 621. Some of the other refused instructions were contained in the instructions given, and others were properly refused as calling attention to and thereby emphasizing particular facts.

We do not think it proper on the present appeal to express any opinion concerning other questions presented, as the proof upon them upon another trial may be different or more complete. The judgment is reversed and the cause remanded.

*Reversed and remanded.*