## Charles Maples, Appellee, v. Newton Mutual County Fire Insurance Company, Appellant.

Heard in this court at the October term, 1930. Opinion filed January 19, 1931.

SMITH & SMITH and MILO D. YELVINGTON, for appellant.

ALBERT E. ISLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee sued to recover on an insurance policy issued by appellant. Upon the trial of the case the court directed a verdict in favor of appellee for $1,200, and judgment was rendered thereon.

To the declaration appellant filed the general issue with notice of special defense to the effect that appellee had failed to pay a certain assessment and that by reason thereof the policy had been canceled prior to the date of the fire.

Appellant was incorporated as a County Fire Insurance Company under Cahill's St. ch. 73, ¶ 187 *et seq.* Section 12 of the statute (Cahill's St. ch. 73, ¶ 198), provides that when the amount of a loss exceeds one-tenth of one per cent of all the property insured, the directors of the company shall make an assessment sufficient to pay all indebtedness of the company and may make an additional assessment for a sum not to exceed one-tenth of one per cent of all the insurance in force at the time of the making of said assessment. At a meeting of appellant's board of directors on September 1, 1928, a motion was adopted that a levy of 20¢ on the $100 insurance carried by the stockholders be made, said assessment to begin Saturday, October 6, 1928, and to continue five consecutive Saturdays. There is nothing in the record of that meeting that even tends to show what the amount of the loss was for which the assessment was to be made. No evidence was offered on the trial of the case to show that there was a loss on or before September 1, 1928, to exceed one-tenth of one per cent of all the property insured. Appellant's by-law, No. 26, states that the board of directors are not permitted to order an assessment unless the surplus fund shall be reduced to less than $1,000. No evidence was offered as to whether the surplus fund had been reduced to less than $1,000 on September 1, 1928. An assessment which is to be made only in a certain contingency is invalid where such contingency is not shown. *Chicago City Railway Employees' Mut. Aid Ass'n v. Hogan,* 124 Ill. App. 447; *Illinois Commercial ·Men's Ass'n v. Perrin,* 139 Ill. App. 543; *Farmers' Mut. Fire Ins. Co. v. Knight,* 162 Ill. 470. It is quite apparent, therefore, that the as-

sessment attempted to be made by appellant was invalid and void. Section 13 of the same statute, Cahill's St. ch. 73, ¶ 199, provides that it shall be the duty of the president, whenever such assessment shall have been made, to immediately notify every person composing such company, personally, by an agent or by letter sent to his usual post office address, of the amount of such loss, and the sum due from him as his share thereof, etc. Appellant claimed on the trial that notice had been given through the mail but there is no evidence in the record that notice was actually mailed to appellee. A copy of the purported notice does not state the amount of the loss as required by the statute. There is no escape from the conclusion that there was no valid assessment and that no notice was given of the attempted assessment. That being true, appellant had no power or authority to cancel appellee's policy for a failure to pay the alleged assessment in question.

Appellant insists that it is immaterial whether the assessment was illegal and void because it says that appellee did not refuse to pay it on that account. It says that appellee knew an assessment had been made which he had not paid long before the fire and that because of his conduct he should be estopped from now claiming that the assessment was illegal and void. Appellant is seeking to escape liability on the ground that appellee had failed to pay a valid assessment. The burden was upon appellant to prove that there was such an assessment, that appellee was duly notified thereof as required by statute, that he failed to make the payment and that by reason thereof appellant had canceled the policy. We find none of the essential elements of estoppel in the record. *Holcomb v. Boynton,* 151 Ill. 294. Appellant did not in any way change its position because of anything that appellee said or did. The judgment is affirmed.

*Affirmed.*