QUINN-SHEPHERDSON COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY AND OTHERS.[1]

May 23, 1919.

No. 21,115.

**Insurance — oral contract.**

1. An oral contract of present insurance or for insurance to be effective from date is valid.

**Same — fidelity of employees — evidence.**

2. The evidence sustains a finding that the plaintiff and the defendant did not enter into an oral contract of present insurance of the fidelity of the plaintiff's employees, or for insurance to be effective from date, but the court erred in limiting, as proof of a contract of insurance, the effect of a letter quoted in the opinion, dated October 3, 1916, to a contract made on August 2 or 3, the pleadings being sufficient to permit proof of a contract made between August 2 or 3 and October 13.

**Same — statute of frauds.**

3. A contract of insurance of the fidelity of employees is an original undertaking insuring against loss through the dishonesty of employees and is not within the statute of frauds requiring a special promise to answer for the debt, default or doings of another to be in writing.

Action in the district court for Hennepin county upon a parol contract to require defendant to execute its fidelity bond to plaintiff and to recover the sum of $20,000 embezzled by one of plaintiff's employees. The case was tried before Hale, J., who made findings and ordered judgment in favor of defendants. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*Cohen, Atwater & Shaw* and *Cobb, Wheelwright & Dille,* for respondents.

[1]Reported in 172 N. W. 693.

DIBELL, J.

Action to recover from the defendant United States Fidelity & Guaranty Company and the individual defendants Wirt Wilson, George . E. Murphy and Henry F. Sprecher $20,000 because of the defalcation of one Rauch, an employee of the plaintiff. There were findings for the defendants and the plaintiff appeals from the order denying its motion for a new trial.

1.   The defendant company is engaged in writing surety or fidelity contracts. The defendants Wilson and Murphy are in charge of its business at Minneapolis. No claim is now made against Sprecher.

The plaintiff claims that it entered into a parol contract with the defendant company relative to the insurance of the fidelity of its employees and that this contract was either a contract of present insurance or a contract for insurance effective from date, in either of which events it claims a right of recovery.

A parol contract of present insurance is valid. Ganser v. Fireman's Fund Ins. Co. 38 Minn. 74, 35 N. W. 584; Relief Fire Ins. Co. v. Shaw, 94 U. S. 574, 24 L. ed. 291; Hartford Fire Ins. Co. v. Whitman, 75 Oh. St. 312, 79 N. E. 459, 9 Ann. Cas. 218; Insurance Co. of N. A. v. Bird, 175 Ill. 42, 51 N. E. 686; Hicks v. British Am. Assur. Co. 162 N. Y. 284, 56 N. E. 743, 48 L.R.A. 424; McQuaid v. Aetna Ins. Co. 226 Mass. 281, 115 N. E. 428; Live Stock Ins. Assn. v. Stickler, — Ind. App. —, 115 N. E. 691; Co-Operative Stores Co. v. U. S. F. & G. Co. 137 Tenn. 609, 195 S. W. 177; Richards, Ins. Law, § 80; 1 Joyce, Ins. § 44; 14 R.C.L. p. 880, § 55 et seq.; note 5 L.R.A. (N.S.) 407; note 6 Ann. Cas. 624. An oral contract to issue a policy in the future, to be effective from the present, may be enforced specifically and a recovery given, or damages may be awarded for a breach. Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 86 N. W. 344; Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901; Campbell v. American Fire Ins. Co. 73 Wis. 100, 40 N. W. 661; Sanford v. Orient Ins. Co. 174 Mass. 416, 54 N. E. 883, 75 Am. St. 358; Gerrish v. German Ins. Co. 55 N. H. 355; Phoenix Ins. Co. v. Ryland, 69 Md. 437, 16 Atl. 109, 1 L.R.A. 548; Sproul v. Western Assur. Co. 33 Ore. 98, 54 Pac. 180; Richards, Ins. Law, § 80; 1 Joyce, Ins. § 38; 14 R. C. L. p. 879, § 53.

2.   About August 2 or 3, 1916, one Warner, an insurance broker,

went to Wilson's office and the two went to the office of the plaintiff, a corporation engaged in the grain business, and took up with Shepherdson, who represented it, the question of the insurance of the fidelity of its employees. The contemplated insurance was $100,000. A form of contract was selected. The amount of the premium was fixed. It was understood that Rauch was one of the men to be covered and that $20,000 of the total was applicable to him. It was agreed that the insurance was to be effective from August 1 and was to continue for one year.

The plaintiff claims that at that time they entered into an oral contract of present insurance, or that there was an agreement for insurance effective from that time which can be enforced and a recovery had. The defendant claims that an insurance contract was in negotiation, but that the negotiations did not result in a contract, though if an insurance bond were executed it was to be effective from August 1.

For the purpose of this action it is to be assumed that Rauch defaulted between August 1 and October 13, 1916, in a considerable sum. There was an offer to so prove. It was rejected because the court concluded that no contract was proved.

The court found that the parties did not at any time contract for present insurance and that the defendants did not agree to execute or to deliver in the future a contract of insurance.

The testimony of Shepherdson and Warner was that in the conference of August 2 or 3 it was agreed that the insurance was at once effective from August 1. Shepherdson says that Wilson, in response to his statement that he wanted insurance to begin August 1, said: "It will begin August 1;" and that as he left the office he said: "You are covered from August 1." Warner supports this testimony, but upon cross-examination his testimony is uncertain and indefinite. Wilson says that he told Shepherdson "that we would be very glad, after our investigation of these men and if they were acceptable to the company, to take the bond on August 1." All of these witnesses were financially or morally interested in the result of the litigation.

In certain lines of insurance it is common to cover the insured from the time the application is made. There is evidence that there is not a custom to make fidelity insurance effective at once, and without an investigation of the employees, except in the case of the renewal of insurance

on the same employees, or when a policy takes the place of a policy issued by another company upon the employees covered by the new policy.

After the first talk about the insurance the parties proceeded to work out the details. The company made a formal application. The employees made applications. References were submitted to the surety company. Investigations were had. There was a considerable delay. The plaintiff was impatient and took up the matter with the broker and the broker frequently interviewed the defendants. Warner and Wilson were desirous of getting the contract executed. There was some trouble about Rauch's references. Warner saw Murphy frequently. He claims that in September Murphy assured him that the company was covered.

On September 27, Wilson submitted a list of employees to be covered, including Rauch, to the company. On October 2 the company wrote from its home office to its Minneapolis office that it did not look upon the class of business as desirable from a surety standpoint, because it was of a speculative character and the employees in a position of temptation, and declined to issue the bond. No objection was made because of the character of the employees, or of their references, or of the results of their investigations. This letter was received on October 4. The Minneapolis office again took the matter up with the home office, but nothing seems to have come from it and on October 13 Rauch's defalcation became known.

On October 3 Warner went to the defendant's office and had a talk with Murphy. He claims that he told Murphy that he "wanted some letter indicating that Quinn-Shepherdson were covered, so I could do something else than simply tell them over the 'phone that they were covered;" and that in response to this Murphy at the time wrote him this letter:

"We wish to confirm our conversation regarding the Quinn-Shepherdson schedule bond. We are having our home office prepare a schedule covering the entire list of employees given us and should have the same in your hands within a day or two. The schedule will cover all parties, as just stated, with the understanding that if, upon further investigation, an applicant is not worthy of a bond, notice deducting him will be immediately received. The bond will be effective August 1, 1916."

This letter was received in evidence. At the time of its receipt the claimed conversation with Murphy narrated above was not in evidence. In admitting the latter over the objection of the defendant the court said: "If there was any contract made it was made on the second or third of August. All other evidence goes to the question of whether or not such a contract was made. I think it may be received as bearing upon the question whether he had this conversation with the witness." This colloquy then took place between the counsel for the plaintiff and the court:

"Mr. Kerr: Do I understand your Honor to limit the legal effect of it, while receiving it? We claim much greater legal effect for it, if the court please.

"The Court: What do you claim?

"Mr. Kerr: We claim in addition to what has been suggested by your Honor, that here is evidence of a specific agreement to issue, as well as an admission of a prior oral contract.

"The Court: I will receive it for its bearing on the main question, whether there was a contract made on the third of August."

It is conceded that negotiations began August 2 or 3. The complaint alleges a contract made at that time. Its allegations are not confined to that date. It alleges that at various times thereafter and up to October 13 the defendant represented to it, "that plaintiff was insured, covered and protected by defendant insurance company as aforesaid from and after July 31, 1916." The complaint is broad enough to permit proof of a contract reached between August 1 and October 13. During all of this period something was being done by both parties relative to the contemplated bond. It was error to restrict the right to recovery to a contract made on August 2 or 3, as was in fact done, and to limit the effect of the letter of October 3 to its effect as proof of a contract made on August 2 or 3. The error was so substantial that a new trial should be had.

We have thoroughly examined the evidence. We have outlined it so far as is necessary to explain the ruling limiting the effect of the letter as proof and sometimes have stated it rather favorably to the plaintiff as we ought in considering the ruling on the letter. The evidence satisfactorily sustains the trial court's finding that no contract of or for

insurance was made. It is unnecessary to state it in greater detail.

3. It is a further contention of the respondents, and one necessary to be decided in view of our holding that there is error requiring a new trial, that the contract if made is void within the statute of frauds, G. S. 1913, § 6998, because not in writing, as a "special promise to answer for the debt, default, or doings of another."

Counsel cite Wainwright Trust Co. v. U. S. Fidelity & Guaranty Co. —— Ind. App. ——, 114 N. E. 470, and Commonwealth v. Hinson, 143 Ky. 428, 136 S. W. 912, L.R.A.1917B, 139, Ann. Cas. 1912D, 291. Their contention finds support in these cases.

This court has always construed contracts of this or similar nature as insurance contracts and has measured the rights and liabilities of the parties accordingly. Pearson v. U. S. Fidelity & Guaranty Co. 138 Minn. 240, 164 N. W. 919, and cases. We appreciate the force of the respondents' contention, but we hold that such a contract is a contract of insurance against loss through the dishonesty of employees, is an original undertaking, and is not invalid within the statute of frauds because not in writing. See Frost, Guaranty Insurance, pp. 32 and 33.

Order reversed.