# ROSE EIFERT v. HARTFORD FIRE INSURANCE COMPANY.[1]

January 7, 1921.

No. 22,042.

**Complaint good against objection first made at trial.**

1. The complaint is sufficient as a complaint for damages for breach of a contract to insure, against objection made for the first time on the trial. Objection made then for the first time should not prevail, if the complaint can be sustained by any reasonable intendment.

**Insurance — renewal of old policies — evidence sufficient.**

2. There is evidence that plaintiff, holding certain policies of insurance about to expire, told the insurance agent to "renew them all just the way they were before," and promised that her husband would call and pay the premiums, and that the agent assented. Held sufficient to establish a contract to insure.

**Action for breach of contract — prepayment of premium unnecessary, when.**

3. The payment of the premium is not a prerequisite to the maintenance of an action for damages for breach of such a contract, unless payment is made a condition precedent.

**Insurance agent may make contract to insure.**

4. An agent to insure is authorized to make a contract to insure.

Action in the district court for Otter Tail county to recover $500 for breach of contract to insure. The answer admitted that defendant wrote a policy on June 4, 1917, but alleged that it expired on June 4, 1918. The case was tried before Parsons, J., who at the close of the testimony denied plaintiff's motion for a directed verdict and denied defendant's motion for a directed verdict, and a jury which returned a verdict for $522.75 and answered in the affirmative the question: "Did plaintiff pay defendant the premium for the renewal of the $500 policy?" Defendant's motion for judgment not-

[1]Reported in 180 N. W. 996.

148 M.—2.

withstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*N. F. Field,* for appellant.

*Jesse A. Schunk,* for respondent.

HALLAM, J.

1. The complaint in this action alleged that on June 4, 1917, defendant, through its agent at Richville, Minnesota, wrote a policy of fire insurance upon a building owned by plaintiff at Richville, insuring said property for the term of one year in the amount of $500, that about May 1, 1918, defendant agreed to renew said policy for the term of one year ending June 4, 1919, and that plaintiff agreed to pay defendant a premium therefor, that on March 15, 1919, the property insured was destroyed by fire "in such manner that defendant became liable for said amount of $500, and that by virtue of the aforesaid agreement, defendant is owing to plaintiff the sum of $500," and judgment was demanded in that amount. After the jury had been impaneled and a witness sworn, defendant's counsel objected to the introduction of any evidence on the general ground that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the objection. This ruling is assigned as error.

The court treated the action as one for damages for breach of a contract to insure. The complaint is vague, but this construction seems to us a permissible one. The case was presented to the court on that theory. Defendant could hardly have been misled.

When objection to the sufficiency of the complaint is made for the first time on the trial, it should not prevail, if the complaint can be sustained by any reasonable intendment. Smith v. Dennett, 15 Minn. 59 (81). This is especially true when the objection is general and the specific objection calling attention to the defect relied on, is made for the first time in this court. Cochrane v. Quackenbush, 29 Minn. 376, 13 N. W. 154; McArdle v. McArdle, 12 Minn. 53 (98) ; Kubesh v. Hanson, 93 Minn. 259, 101 N. W. 73. We are of the opinion that the trial court did not err in overruling the objection to the complaint.

2. Defendant contends that the evidence fails to show an enforceable contract to insure. The evidence on the part of plaintiff is, that in May, 1918, she had three policies of insurance, all written by the same agent, but not all in the same company. One was the $500 policy above mentioned on the building that was afterwards burned, one was a policy of $1,000 on the same building, and another, a policy of $300 on other property. They were due to expire on different days. The $500 policy expired last. Plaintiff testified that before any of the policies expired, the agent called on her in regard to renewal of insurance, and she told him to "renew them all just the way they were before" and promised that her husband would call and pay the premiums, and that the agent said "all right."

She is corroborated by the fact that the agent without further negotiation renewed both the other policies, and in the $1,000 policy stipulated that the insurable value of the building was $1,500, and by the fact that her husband did call and pay the premiums, claiming to pay a sufficient amount to cover the premium on this policy. The Farmers State Bank of Richville, of which the agent was cashier, held all policies both old and new as collateral security to a loan, so plaintiff was not warned by the failure to deliver this policy. The agent denied that he agreed to renew the $500 policy, but said that on the contrary it was understood that this policy was not to be renewed. The jury found for plaintiff and we must therefore accept plaintiff's version of the facts as true. The transaction as detailed by plaintiff makes out a good contract, supported by sufficient consideration, to insure the property for the same amount and the same length of time provided in the old policy, and commencing on termination of the old policy. Failure to renew as agreed was a breach of the contract, for which an action may be maintained. Wiebeler v. Milwaukee Mechanics' Mut. Ins. Co. 30 Minn. 464, 16 N. W. 363; Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 86 N. W. 344; 1 Cooley, Briefs on Insurance, p. 362, et seq. Taylor v. Phoenix Insurance Co. of Hartford, 47 Wis. 365, 2 N. W. 559, 3 N. W. 584, cited by appellant as opposed to this doctrine, is not in point. That case was similar in its facts to the case at bar, but it was an action, not for breach

of a contract to insure but to enforce an alleged contract of insurance in praesenti. The same may be said of Idaho Forwarding Co. v. Fireman's Fund Ins. Co. 8 Utah, 41, 29 Pac. 826, 17 L.R.A. 586. The two classes of cases are governed by different principles. Commercial Mut. Marine Ins. Co. v. Union Mut. Ins. Co. 19 How. 318, 321, 15 L. ed. 636. See also Quinn-Shepherdson Co. v. U. S. Fidelity & G. Co. 142 Minn. 428, 172 N. W. 693.

3. The court properly instructed the jury that if a contract was made, plaintiff could recover for its breach whether the premium was paid or not. The payment of the premium by the insured is not a prerequisite to his right to recover for breach of contract, unless such payment is made a condition precedent to the operation of the insurance contract. Fireman's Ins. Co. v. Kuessner, 164 Ill. 275, 45 N. E. 540; Stehlick v. Milwaukee Mechanics' Ins. Co. 87 Wis. 322, 58 N. W. 379; McCabe Bros. v. Aetna Ins. Co. 9 N. D. 19, 81 N. W. 426, 47 L.R.A. 641; 1 Cooley, Briefs, p. 375.

4. The agent, being authorized to bind defendant by a present contract or policy of insurance, had authority to bind defendant by a contract to insure. 19 Cyc. 594; Sanford v. Orient Ins. Co. 174 Mass. 416, 54 N. E. 883, 75 Am. St. 358; Ellis v. Albany City Fire Ins. Co. 50 N. Y. 402, 10 Am. Rep. 495.

Judgment affirmed.