## FIELD v. MISSOURI LIFE INS. CO.
No. 4940.   Decided August 26, 1930.   (290 P. 979.)

*H. A. Smith, E. E. Randall,* and *P. G. Ellis,* all of Salt Lake City, for appellant.

*Critchlow & Critchlow* and *A. W. Watson,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

The plaintiff is the surviving widow of Burr D. Field, deceased. In this action she seeks to recover a judgment against the defendant for the sum of $1,000. She sues as sole beneficiary of an alleged contract of insurance claimed to have been entered into by Mr. Field and defendant. In

her complaint plaintiff alleges three causes of action. The first cause of action is founded upon a written life insurance policy on the life of Burr D. Field. The second cause of action is founded upon an alleged breach of contract whereby, for a valuable consideration, the defendant agreed to issue a life insurance policy to Burr D. Field. The third cause of action is founded upon an alleged contract partly oral and partly written, whereby the defendant, acting through its agent, S. A. Cotterell, insured the life of Burr D. Field, the isurance to begin at once, the policy to be issued at some future date. The defendant by its answer denies that it insured or agreed to insure the life of Burr D. Field. Upon issues joined a trial was had before the court sitting with a jury. At the conclusion of the evidence the learned trial judge directed the jury to find the issues in favor of the defendant and against the plaintiff, no cause of action. A verdict was rendered as directed and judgment entered thereon. Plaintiff appeals. She seeks a reversal of the judgment primarily because the trial court directed a verdict against her. There is no substantial conflict in the evidence. The facts established by the record brought here for review are these:

The defendant is a corporation of the state of Missouri authorized to do business in this state. At the time complained of, defendant was engaged in the life insurance business in this state. One S. A. Cotterell, as general agent of the defendant, had charge of its business here in Utah. He maintained an office in the Ness building at Salt Lake City, Utah. The following sign was printed on the door and on a window of his office: "Missouri State Life Insurance Company, S. A. Cotterell, General Agent." In the letters which he wrote concerning the business of the defendant he signed his name as general agent, and his letterheads designated him as a general agent. Defendant offered testimony tending to show that Mr. Cotterell did not have authority to bind the defendant on life insurance policies or contracts for life insurance. Prior to May 5, 1928, Mr.

Cotterell solicited Burr D. Field for life insurance. The plaintiff and one other witness were permitted to testify, over timely objection and exception by defendant, that Mr. Cotterell at the time of such solicitations stated to Mr. Field that upon the payment of the first premium the life of Mr. Field would be insured and that the annual premium on an ordinary life policy would be $22.82. On May 5, 1928, Mr. Field signed an application for life insurance with the defendant. The application contains, among others, these provisions:

"I agree on behalf of myself and any person or persons, firm or corporation, who may have or claim any interest in any insurance issued on this application as follows:

" (1) If the first premium is paid in cash at the time this application is made and this application is thereafter approved by the Company for the amount, on the plan, and in accordance with the terms of this application, the insurance will be in force from the date of such approval; and the first policy year shall, unless otherwise requested, begin with the date of such approval. (2) If the first premium is not paid in cash at the time the application is made, or if a policy different from the one described in this application is issued, the insurance shall not take effect until the first premium thereon has actually been paid to and accepted by the Company, or its duly authorized agent, and the policy delivered to and accepted by me during my life and good health; but in that event the policy shall bear the date of its issuance and all future premiums shall become due on such policy date and all policy values and extended insurance shall be computed therefrom."

The application and two checks for the total sum of $22.82 were delivered to Mr. Cotterell on the date the application was signed by Mr. Field. Mr. Cotterell issued to Mr. Field a receipt which reads as follows:

"Advance Premium Receipt

" (This receipt is only valid when given in exchange for a full first annual, semi-annual, or quarterly premium, paid in cash, with the application.)

"Received of Burr Dewaine Field, the sum of $22.82 No. 166019A the first {annual / semi-annual / quarterly} premium on proposed life insurance for $1,-000 on the life of Burr D. Field for which an application bearing a

corresponding number, as above, is this day made to the Missouri State Life Insurance Company. Insurance subject to the terms and conditions of the policy contract issued shall take effect as of the date of approval of above application by the Company, at its Home Office in Saint Louis, Missouri. Otherwise the payment evidenced by this receipt shall be returned.

"Dated at Salt Lake City, Utah, May 5th, 1928.

"S. A. Cotterell, Agent."

The plaintiff testified that the foregoing receipt was delivered to her and that Mr. Cotterell stated that the receipt was important, that it was the equivalent of a life insurance policy. On May 7, 1928, Burr D. Field was examined for life insurance. The doctor who examined him pronounced him a first-class risk. Both the application for insurance and a written report of the medical examination were mailed to the defendant at its home office at St. Louis, Mo. The application was received at the home office of the defendant on May 10, 1928; the report of the medical examiner was received at the home office of the defendant on May 11, 1928. In the application of Burr D. Field his occupation was given as that of "Mining and Livestock." On May 12th, May 23d, and June 4th, 1928, the home office of the defendant wrote for further information as to the nature of the work of Mr. Field in connection with his mining activities. On June 11, 1928, Mr. Field died as a result of asphyxiation from poisonous gas encountered in a mine. On June 15, 1928, the defendant issued a life insurance policy for the sum of $1,000 on the life of Mr. Field. The policy so issued provides for an annual premium of $45.30. The policy also provides that the first annual premium shall pay for insurance from May 24, 1928, to May 24, 1929. The policy was sent to S. A. Cotterell, the general agent of the company, at Salt Lake City, Utah. The company did not know of the death of Mr. Field at the time it executed and mailed the policy. The policy was not delivered. It was rather returned to the home office of the defendant. The amount of annual premium was placed at $45.30, according to the testi-

mony of an officer of the defendant, because of the extra hazard in the risk on Mr. Field's life on account of his being engaged in working underground in mines. Were it not for the hazardous occupation of Mr. Field, the annual premium would have been $22.82, the amount paid by Mr. Field. The date for the payment of annual premium was fixed as of May 24th instead of June 15th, according to the testimony of the officer of the defendant company who issued the policy, so that the premiums would be based upon the age of Mr. Field at the time he made application. With the advance of age the defendant charges a higher premium for insurance. The age of applicant for the purpose of fixing the premium is his nearest birthday. Mr. Field was born November 25, 1876, and thus he was 51 years of age, computed from his nearest birthday, on May 24, 1928, while he would have been rated as 52 years of age on June 15, 1928. On June 26, 1928, the plaintiff prepared and forwarded to the defendant a claim for the death of her husband. The defendant rejected the claim and sent to the plaintiff the money paid as the first annual premium by Mr. Field. The plaintiff refused to accept the money so returned to her. There is some evidence which tends to show that Mr. Field did not read the application before he signed and delivered the same.

The foregoing is in substance, the evidence upon which plaintiff seeks to recover a judgment against the defendant for the sum of $1,000, the face of the insurance policy.

The action of the trial court in directing a verdict for the defendant presents three questions of law for determination: (1) Is a parol contract for life insurance enforceable or is such a contract within the statute of frauds? (2) Is there evidence in this case which would support a finding by the jury that S. A. Cotterell had authority to bind the defendant on a life insurance contract? (3) Was oral testimony admissible to show that S. A. Cotterell agreed that the life of Burr D. Field would be insured as soon as he paid the first annual premium on the proposed life insurance policy? The

plaintiff contends that a contract of life insurance is not within the statute of frauds; that the evidence adduced at the trial is sufficient to support a finding by the jury that S. A. Cotterell had either actual or apparent authority to bind the defendant; and that the parol testimony which tended to show that S. A. Cotterell agreed that the life of Burr D. Field would be insured as soon as he paid the first annual premium of $22.82 was properly admitted in the court below. In support of such contention, the following cases are cited: *Franklin F. Ins. Co. v. Colt*, 20 Wall. 560, 22 L. Ed. 423; *Relief F. Ins. Co.* v. *Shaw*, 94 U. S. 574, 24 L. Ed. 291; *Fidelity & Cas. Co.* v. *Ballard*, 105 Ky. 253, 48 S. W. 1074; *Co-operative Ins. Co.* v. *Corbett*, 69 Kan. 564, 77 P. 108; *American Cent. Ins. Co.* v. *McCrea*, 8 Lea (Tenn.) 513, 41 Am. Rep. 647; *Renier* v. *Ins. Co.*, 74 Wis. 89, 42 N. W. 208; *Westchester Fire Ins. Co.* v. *Earle*, 33 Mich. 152; *Ins. Co.* v. *Norton*, 96 U. S. 234, 24 L. Ed. 689; *Union Mut. L. Ins. Co.* v. *Wilkinson*, 13 Wall. 222, 20 L. Ed. 617; *Mayfield* v. *Ins. Co.*, 62 Mont. 535, 205 P. 669; *Halle* v. *Ins. Co.*, 58 S. W. 822, 22 Ky. Law Rep. 740; *Great Southern Life Ins. Co.* v. *Dolan* (Tex. Civ. App.) 239 S. W. 236, 237; *Unterharn-scheidt* v. *Mo. State Life Ins. Co.*, 160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743; *National L. S. Ins. Co.* v. *Cramer*, 63 Ind. App. 211, 114 N. E. 427; *Lee* v. *Ins. Co.* (Ky.) 41 S. W. 319; *Starr* v. *Ins. Co.*, 41 Wash. 228, 83 P. 116; *Cooper* v. *Ins. Co.*, 7 Nev. 116, 8 Am. Rep. 705; *Kilborn* v. *Ins. Co.*, 99 Minn. 176, 108 N. W. 861; *Yonge* v. *Assur. Society* (C. C.) 30 F. 902; *New York Life Ins. Co.* v. *Babcock*, 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134; *New York Life Ins. Co.* v. *Pike*, 51 Colo. 238, 117 P. 899; *Mulligan* v. *Ins. Co.*, 149 Ill. App. 516; *Ins. Co.* v. *Rutherford* (C. C. A.) 284 F. 707; *Nertney* v. *Ins. Co.*, 199 Iowa 1358, 203 N. W. 826-828, Col. 2; *City* v. *Ins. Co.*, 17 Iowa 276; *Palm* v. *Ins. Co.*, 20 Ohio 529; *Church* v. *Ins. Co.*, 19 N. Y. 305; *Koivisto* v. *Ins. Co.*, 148 Minn. 255, 181 N. W. 580; *Ins. Co.* v. *Chamberlin*, 56 Iowa, 508, 8 N. W. 338, 9 N. W. 386; *Assurance Co.* v. *State*, 113 Ind. 331, 15 N. E.

518; *Schultz* v. *Ins. Co.* (C. C.) 77 F. 375; *Hardwick* v. *Ins. Co.*, 20 Or. 547, 26 P. 840; *Ins. Co.* v. *Brown* (Tex. Civ. App.) 160 S. W. 973; *Putnam* v. *Ins. Co.*, 123 Mass. 324, 25 Am. Rep. 93; *Wilson* v. *Ins. Co.*, 90 Kan. 355, 133 P. 715; *Ins. Co.* v. *Taylor* (Tex. Civ App.) 157 S. W. 950; *Clark* v. *Ins. Co.*, 96 Neb. 381, 147 N. W. 1118; *Ins. Co.* v. *Stone*, 61 Kan. 48, 58 P. 986; Ins. Co. 1. Ebert (Ky.) 47 S. W. 865; *Chambers* v. *Ins. Co.*, 118 Kan. 494, 235 P. 859; *Merchants' Mut. Ins. Co.* v. *Lyman*, 15 Wall. 664, 21 L. Ed. 246; *Ins. Co.* v. *Ins. Co.*, 7 Bush. (Ky.) 81, 3 Am. Rep. 301; *Quinn-Shepherdson Co.* v. *Fid. & Guar. Co.*, 142 Minn. 428, 172 N. W. 693; *Nichols* v. *Ins. Co.*, 113 Kan. 484, 214 P. 1111; *Cole* v. *Ins. Co.*, 22 Wash. 26 60 P. 68, 47 L. R. A. 201; *Nertney* v. *Ins. Co.*, 199 Iowa 1358, 203 N. W. 826; *Pfiester* v. *Mo. State Life Ins. Co.*, 85 Kan. 97, 116 P. 245; *Hartford Fire Ins. Co.* v. *Wilson*, 187 U. S. 467, 23 S. Ct. 189, 47 L. Ed. 261; *Green wich Ins. Co.* v. *Waterman* (C. C. A.) 54 F. 839; *Sanford* v. *Ins. Co.*, 174 Mass. 416, 54 N. E. 883, 75 Am. St. Rep. 358; *Commercial Mut. M. Ins. Co.* v. *Ins. Co.*, 19 How. 318, 15 L. Ed. 636; *Zell* v. *Ins. Co.*, 75 Wis. 521, 44 N. W. 828; *Sproul* v. *Western Assur. Co.*, 33 Or. 98, 54 P. 180; *De Grove* v. *Metropolitan Ins. Co.*, 61 N. Y. 594, 19 Am. Rep. 305; *Den Hartog* v. *Ins. Ass'n*, 197 Iowa 143, 196 N. W. 944; *Cornelius* v. *Farmers' Ins. Co.* (Iowa) 81 N. W. 236; *Chadwick* v. *Ins. Co.*, 54 Utah 443, 181 P. 448; *Kausal* v. *Ins. Co.*, 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776; *Baker* v. *Commercial Union Assur. Co.*, 162 Mass. 358, 38 N. E. 1124; *Henning* v. *United States Ins. Co.*, 47 Mo. 425, 4 Am. Rep. 332; *Baile* v. *St. Joseph Fire & Marine Ins. Co.*, 73 Mo. 371; *Mutual L. Ins. Co.* v. *Young, Adm'r*, 23 Wall. 85, 23 L. Ed. 152; *Commercial Ins. Co.* v. *Hallock*, 27 N. J. Law, 645, 72 Am. Dec. 379; *Smith* v. *State Ins. Co.*, 64 Iowa, 716, 21 N. W. 145; *Eureka Ins. Co.* v. *Robinson, Rea & Co.*, 56 Pa. 256, 94 Am. Dec. 65; *Salisbury* v. *Hekla Fire Ins. Co.*, 32 Minn. 458, 21 N. W. 552; *Campbell* v. *American Fire Ins. Co.*, 73 Wis. 100, 40 N. W. 661; *Eifert* v. *Hartford Fire Ins. Co.*, 148 Minn. 17, 180 N. W. 996; *Ames-Brooks Co.* v. *Aetna Ins. Co.*,

83 Minn. 346, 86 N. W. 344, 345; *Everett* v. *O'Leary,* 90 Minn. 154, 95 N. W. 901; *Massachusetts Bonding & Ins. Co.* v. *Vance,* 74 Okl. 261, 180 P. 693, 15 A. L. R. 981; *Brown* v. *Franklin Mut. F. Ins. Co.,* 165 Mass. 565, 43 N. E. 512, 52 Am. St. Rep. 534; *King* v. *Phoenix Ins. Co.,* 195 Mo. 290, 92 S. W. 892, 893, 113 Am. St. Rep. 678, 6 Ann. Cas. 618.

The cases cited by appellant deal generally with the questions here presented for determination. Some of the cases tend to support one or more of appellant's contentions, but others rather tend to hold against her. The defendant contends that the evidence in this case affirmatively shows that S. A. Cotterell without authority to bind the defendant on a contract for the insurance of the life of Burr D. Field, and also that the evidence is insufficient to submit to the jury the question of whether or not S. A. Cotterell had any apparent authority to bind the defendant on such a contract. It is also urged on behalf of the defendant that the trial court erred in admitting in evidence the testimony which tended to show that S. A. Cotterell agreed that the proposed life insurance policy should take effect immediately upon the payment of the first annual premium. In support of such contentions, the following cases are cited: *White* v. *Metropolitan Life Ins. Co.,* 63 Utah 272, 224 P. 1106; *Jones* v. *N. Y. Life Ins. Co.,* 69 Utah 172, 253 P. 200; *Sterling* v. *Head Camp,* 28 Utah 505, 80 P. 375; *Raymond* v. *National Life,* 40 Wwo. 1, 273 P. 667; *Mutual Life Ins. Co.* v. *Young,* 23 Wall. (90 U. S.) 85, 27 L. Ed. 152; *Travis* v. *Nederland Ins. Co.,* (C. C. A.) 104 F. 486; *McKelvie* v. *Mutual Benefit* (C. C. A.) 287 F. 660; *McCornick* v. *Levy,* 37 Utah 134, 106 P. 660; *Chamberlain* v. *Prudential Ins. Co.,* 109 Wis. 4, 85 N. W. 128, 129, 83 Am. St. Rep. 851; *Merchants' Mut. Ins. Co.* v. *Lyman,* 15 Wall. 664, 21 L. Ed. 246; *Northern Assurance Co.* v. *Grand View Bldg. Ass'n,* 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; *Commercial Mut. Acc. Co.* v. *Bates,* 176 Ill. 194, 52 N. E. 49; *Winnesheik Ins. Co.* v. *Holzgrafe,* 53 Ill. 516, 5 Am. Rep. 64; *U. S. Mut. Ass'n* v. *Kittenring,* 22 Colo. 257, 44 P. 595; *Connecticut F. Ins. Co.* v. *Buchanan*

(C. C. A.) 141 F. 877, 4 L. R. A. (N. S.) 758; *Schilbrch* v. *Inter-Ocean Cas. Co.*, 180 Wis. 120, 192 N. W. 456; *Salquist* v. *Oregon Fire Relief Ass'n*, 100 Or. 416, 197 P. 312; *Porter* v. *General Acc. F. & L. Assur. Corp.*, 30 Cal. App. 198, 157 P. 825; *Summers* v. *Mutual Life*, 12 Wyo. 369, 75 P. 937, 66 L. R. A. 812, 109 Am. St. Rep. 992; *Miller* v. *Northwestern Mut. Life* (C. C. A.) 111 F. 465. The cases cited by respondent tend to support its contentions.

The law seems to be well settled that, in the absence of a statutory requirement, a life insurance contract may rest in parol. Such a contract is not within the statute of frauds. The adjudicated cases are in hopeless conflict as to whether an agent who has such authority and performs such duties as did Mr. Cotterell may or may not bind his principal on a contract of insurance. So also is there a lack of harmony in the cases as to whether or not oral statements made by an insurance agent while soliciting insurance may be received in evidence to vary the terms of a written application for insurance. One who reads the cases dealing with these two phases of insurance law cannot well avoid becoming confused by the numerous reasons that are advanced in support of the desired result. Under such circumstances a resort to familiar and well-established principles of law is the only safe guide to a proper decision. For reasons presently to be discussed, it is not necessary to determine the extent of the authority of Mr. Cotterell to bind the defendant.

During the course of the trial timely objections and exceptions were taken to the admission of evidence which tended to show that S. A. Cotterell agreed that the proposed insurance policy on the life of Mr. Field should take effect immediately upon the payment of the first annual premium. Such testimony was objected to upon the ground that it tended to vary the terms of the written contract and upon the further ground that all conversations and oral agreements had between Mr. Cotterell and Mr. Field before the application for life insurance was signed

by Mr. Field were merged in the written application. The respondent here assails the admission of such testimony by cross-assignments of error. It is an elementary rule of law that, where parties have reduced an agreement to writing and such written agreement is not vitiated by fraud or mutual mistake of fact, all conversations in parol agreements are so merged therein that they cannot be given in evidence for the purpose of changing the written contract or any part thereof nor showing any intention or understanding different from that expressed in the written agreement. If, however, the parties enter into a parol agreement with the intention that such agreement shall rest in parol, such parol agreement will not be superseded by the parties subsequently executing a written agreement in part performance of the prior parol agreement. Jones Com. on Evidence (2d Ed.) vol. 3, § 1484, p. 2699; 10 R. C. L. § 211, p. 1019. The complaint in this case does not proceed upon the theory that the defendant or its agent S. A. Cotterell, was guilty of any fraud, nor is it claimed that there was any mutual mistake of fact at or prior to the time that Mr. Field signed the application for insurance with the defendant. No attempt is made to reform any contract for insurance nor any contract of insurance. It cannot be successfully maintained that Mr. Field was induced to sign the application without reading it, if such be the fact, because Mr. Field had the application in his office several days before it was signed. The application blank was in part filled out by the plaintiff under the direction of Mr. Field. If Mr. Field did not read the application, it was his own fault.

Appellant does not seriously contend that she is entitled to recover on the written insurance policy that was issued by the defendant after the death of Mr. Field. There are various reasons why she may not recover on the policy. Mr. Field never agreed to the terms of the policy. The insurance policy that Mr. Field applied for was a policy with an annual premium of $22.82. The policy issued

required the payment of an annual premium of $45.30. By his written application Mr. Field applied for a policy on which the first premium should begin with the date of the approval of his application. Mr. Field's application was never approved. The premium on the policy issued by defendant was to pay for insurance from May 24th and not from the date that the company decided to issue a policy to Mr. Field. The application provides that, "if the first premium is not paid in cash at the time the application is made or if a policy different from the one described in the application is issued, the insurance shall not take effect until the first payment thereon has actually been paid to and accepted by the company, or its duly authorized agent, and the policy delivered to and accepted by me during my lifetime and good health." The insurance policy issued by the defendant was not accepted by Mr. Field nor was any premium paid thereon. The defendant had no right to apply the $22.82 paid by Mr. Field on the policy issued, because Mr. Field never consented to accept such policy. Mr. Field's application for an insurance policy was an offer to enter into a contract. Such offer was not accepted during the life of the applicant, and hence there was no contract.

Under the evidence, the trial court properly directed a verdict in favor of the defendant and against the plaintiff on the first cause of action.

The third cause of action proceeds upon the theory that the defendant, through its general agent, Mr. Cotterell, entered into a temporary contract with Mr. Field to insure the life of the latter until such time as the application of Mr. Field could be acted upon by the proper officer of the defendant. Here again plaintiff is confronted with difficulties which prevent her from a recovery on such theory. There is no evidence that either Mr. Cotterell or Mr. Field entered into or intended to enter into any temporary contract of insurance. All of the negotiations were for an insurance policy to run for at least one year's duration.

There is nothing in the evidence to justify an inference that Mr. Field would accept or that the defendant would assume the risk of temporary insurance. By the terms of the written application, the insurance is to take effect at the time the application is approved by the company, provided the first premium is paid in cash, otherwise it is not to take effect until the first premium is paid and the policy delivered to and accepted by the applicant during his life and good health. The receipt that was issued to Mr. Field for the premium paid provides that "insurance subject to the terms and conditions of the policy contract issued shall take effect as of the date of approval of above application by the company at its home office in Saint Louis, Mo. Otherwise the payment evidenced by this receipt shall be returned." The language of the application and of the receipt is clear and certain. There is no necessity of resorting to parol testimony to clarify the meaning of the language used in either the application or the receipt. It is impossible to reconcile the written provisions of the application and of the receipt wherein it is agreed that the insurance shall take effect upon the approval of the application by the home office of the defendant at St. Louis, Mo., with the claim made by the plaintiff and supported by parol testimony that the insurance should be in force as soon as the first premium was paid. Under such circumstances full effect must be given to the written contract, and the claimed parol agreement must be disregarded.

It is suggested in appellant's brief that the defendant, through Mr. Cotterell, its general agent, waived that provision of the application and of the receipt wherein it is agreed that the insurance shall take effect when the application is approved. It is also suggested that, because of the oral statements of Mr. Cotterell, the defendant is estopped from denying that the insurance took effect at the time the payment of $22.82 was made. Appellant has cited some cases which tend to support such contentions. The rule of

law that conversations and oral agreements between the parties prior to or contemporaneous with the execution of a written agreement, are merged in the written agreement may not be evaded by the application of the doctrine of law relating to waiver or estoppel. It would be more in accord with the rule of law under discussion to say that, when parties reduce a contract to writing, they thereby estop themselves from claiming under the terms of a prior or contemporaneous parol agreement, and also that by entering into a written agreement all rights that the parties may have had under prior or contemporaneous oral agreements are thereby waived. Under the pleadings and the admitted documentary evidence in this case it was not competent for the plaintiff to show that prior to or at the time that Mr. Field signed the written application Mr. Cotterell stated that the life of Mr. Field would be insured as soon as he paid the first premium.

It is next urged that the written terms of the application and receipt were amended by subsequent oral agreement between Mr. Cotterell and Mr. Field. Plaintiff testified that the day after the application was signed Mr. Cotterell handed her the receipt, and that "he told me to keep the receipt, that it was important. I made some remark to him about 'you never do know when you are insured and when you are not.' He said 'Don't you think you do not, you are insured from the time the company receives the money for the insurance.'" Apparently Mr. Field was not present when this conversation took place. There is nothing in the conversation to justify the conclusion that either Mr. Field or Mr. Cotterell intended to modify or change their agreement as evidenced by the written application and receipt.

Most of what has been said concerning plaintiff's third cause of action applies to plaintiff's second cause of action. There is no language in the application or in the receipt whereby the defendant obligated itself to issue a life insur-

ance policy to Mr. Field. On the contrary, the defendant reserved the right to either reject or approve the application. If the application was rejected or if a policy different from that applied for was issued by the defendant and not accepted by Mr. Field during his life and good health, the premium paid by Mr. Field should be returned to him. The application of Mr. Field was an offer to enter into a contract of insurance with the defendant. The defendant failed to accept such offer. By writing a policy unlike the one applied for, the defendant in turn made an offer to Mr. Field. The counter offer was not accepted, and hence the defendant cannot be held liable.

It is further suggested that the defendant should be held liable because it delayed for an unreasonable time before acting upon the application of Mr. Field. Some cases seem to announce the doctrine that an insurance company becomes liable if it fails to act upon an application for insurance within a reasonable time; other cases repudiate such doctrine. It is not necessary for us, in the instant case, to discuss these divergent views. Suffice to say that no such issue is presented by the pleadings in this case. In her pleadings plaintiff claims that her husband's life was insured at the time of his death. She does not complain because defendant delayed in acting upon the application.

We are thus of the opinion that the judgment appealed from should be and it accordingly is affirmed. Appellant and respondent have each filed a printed abstract. Appellant's abstract is sufficient to present the questions brought here for review, and therefore respondent should not be allowed the cost of printing its abstract. The respondent is awarded its costs other than the costs incurred in printing its abstract.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.