THE STATE LIFE INSURANCE COMPANY *v.* THIEL

[No. 15,945. Filed May 2, 1939. Rehearing denied October 18, 1939.]

*Milton W. Mangus,* and *Joseph A. McGowan,* for appellant.

*McDonald & McDonald,* and *William L. Mitchell,* for appellee.

STEVENSON, P. J.—This action was instituted by the appellee to recover on an oral contract of insurance alleged to have been effected between Ida Thiel, wife of the appellee, and the appellant in which contract of insurance the appellee was named bene-

ficiary. The original complaint was in six paragraphs. Subsequently all were dismissed except the third and the sixth, to each of which, answers in general denial were addressed.

The case was submitted to a jury for trial which returned a verdict for the appellee in the sum of $2488.71. The court rendered judgment on this verdict, a motion for new trial was filed and overruled, and this appeal has been perfected. The assignment of errors contains four specifications but only two of these are discussed by the appellant in his brief and relied upon as grounds for reversal.

This appeal presents the legal question as to whether or not a life insurance agent engaged in selling life insurance is a general agent in the sense that he has authority to conduct all the business of the company he represents, so that his actual authority need not be proven.

The evidence discloses that the appellee for some time prior to January 2, 1932, was a farmer living with his wife, Ida Thiel, in Vanderburgh County, Indiana. That Victor C. Besing was a life insurance agent who at that time was selling life insurance for the State Life Insurance Company, the appellant herein. He resided about six miles from the home of the appellee and in Gibson County. Mr. Besing had talked to the appellee and his wife three or four times about purchasing insurance and these negotiations eventually resulted in the signing of applications for contracts of insurance by both the appellee and his wife.

The application signed by Ida Thiel contained, among others, the following statement:

"It is hereby agreed that all the foregoing statements and also those I make to the Company's Medical Examiner, which are hereby

made a part of this application, are offered to the Company as a consideration for the policy applied for, which policy I agree to accept, if issued as applied for, but the same shall not take effect until this application, which I agree to complete by submitting to a medical examination, has been accepted by the Company, at the Home Office in Indianapolis, Indiana, and the first premium shall have been paid to and accepted by the Company, or an authorized agent, during my life and good health; provided, that if the premium on the policy herein applied for shall be paid by me at the time of making this application, the insurance shall be in force from the date of the acceptance of this application by the Company's Medical Department at the Home Office.''

In addition to this paragraph the following statement also appears in the application:

''I hereby declare that the following settlement has been made and receipt No. 447808 for same has been furnished me to make the insurance herein applied for effective from the date of approval by the Company's Medical Department at the Home Office.''

The record of the case discloses that this application was signed by Ida Thiel on the 2nd day of January, 1932, and on that day she gave the agent, Victor C. Besing, her note in the sum of $51.80, this sum being the amount of the first annual premium, and took from him their receipt No. 447808 which reads as follows:

''No. 447808          $2000 Policy          1932
''The State Life Insurance Company, Indianapolis
''The Agent has no authority to collect for more than the first year's premium. All subsequent premiums must be paid at the Home Office, Indianapolis.

"Received of ................$51.80 Dollars
................ in full for the first.........
annual premium on $2000 insurance.

"The Insurance will be in force from the date of approval of the application by the Company's Medical Department at the Home Office. In case the Policy shall not be issued the money paid will be refunded; provided, a completed application for such insurance is made and submitted to the company, at its Home Office, and that the applicant, if he shall not receive his policy within thirty days from date hereof, shall notify the Company.

"Not valid unless countersigned by
                    Albert C. Zahm, Secretary.
V. C. Besing, Agent."

The appellee offered evidence tending to prove that at the time this application was signed and the premium paid, Mr. Besing stated to the applicant that she was insured from the date of the application if she passed the medical examination. The evidence further discloses that the said Ida Thiel was examined by the company physician on the same day and the doctor reported that she passed the physical examination. The evidence further discloses that she died on January 9, 1932, and before the application was approved by the company at the home office. The question presented, therefore, is whether or not the appellant is bound by the statement made by their agent who solicited the insurance to the effect that the applicant was protected from the date she passed the physical examination.

This issue, whether there was an existing oral contract of insurance, depends for its solution upon whether Victor C. Besing had authority to enter into contracts for interim insurance on appellant's behalf.

The record discloses that Victor C. Besing was

engaged in soliciting applications for insurance for the appellant company; that he selected doctors to examine applicants physically who made reports on the regular printed forms furnished by the appellant. That he delivered the policies when they were written; that he collected the first premiums due on policies and looked after the renewals.

The appellee contends that under this evidence the question of the authority of Besing to bind the appellant as a general agent was a question of fact for the jury.

The appellant contends, however, that there was no evidence offered from which the jury could lawfully find that a general agency existed or that the said Besing had ostensible authority to bind the appellant on an oral contract of insurance; that the court accordingly erred in overruling the appellant's motion for a directed verdict. This is the first of the alleged errors relied upon by the appellant for reversal.

Whatever was said by Besing to the deceased Ida Thiel at the time of the taking of her application which might tend to create an oral contract of insurance, the appellee had the burden to offer some proof as to the authority of the agent Besing to make such contract. The second assignment of error relied upon for reversal challenges the sufficiency of the evidence on this issue.

The burden of proving the authority of agents to enter into oral contracts of insurance is a question that has been frequently before the courts.

In the case of *Mutual Benefit Health and Accident Assn.* v. *Edwards* (1935), 174 Oklahoma 210, 50 Pac. (2d) 144, the plaintiff made application for insurance in which applicant agreed that the application should not become binding on the association until

accepted by the association nor until the policy is accepted by the insured while in good health and free from injury. The plaintiff contended that the insurance company through its agent Wells had entered into an oral contract of insurance and that the defendant was bound from the date of the application. In discussing the sufficiency of the evidence and the burden of proof in this case, the court said (p. 212):

"The burden of showing the power and authority of the agent, and the nature and extent of his agency, was upon the plaintiff. He has not discharged it. This general rule is stated in Wood on Insurance thus (section 17): 'The burden is upon the person seeking to enforce a parol contract of insurance to establish, not only the making of a contract; but also the authority of the agent to make it, and, if any waiver is relied upon, both the waiver and the authority of the agent to make it ... ' The general rule stated in 16 A. & E. Ency. Law (2nd Ed.) 915, regarding the power of soliciting agents, seems to be supported by the current of decisions. It is: 'A soliciting agent, who is authorized to receive applications for insurance and to transmit them to the company for its approval, but who has no authority to pass on risks or to make contracts of insurance, cannot bind the company by an oral agreement for .... or consent to additional insurance ....' "

Again in the case of *Sommerio* v. *Prudential Ins. Co. of America* (1937), 289 Ill. App. 520, 7 N.E. (2d) 631, 633, the agent Ditore took from Sommerio an application for insurance and gave him a receipt which provided that on payment of the initial premium, the insurance should take effect from the date of application "provided said application is approved and accepted at the home office of the company in Newark, N. J.". The evidence disclosed that at the time the

application was signed and the premium was paid, Ditore assured the appellant that the policy would be effective as of that date. In passing upon the authority of Ditore to waive the provisions of the receipt and to bind the company by an oral contract, the court said (p. 524):

"... It is argued that Ditore had authority to take applications, collect the premiums, forward the applications to the home office, and deliver the policies when issued, and that this constituted him a general agent. It is known from common experience that all solicitors of insurance, no matter how limited their authority may be, are authorized to accept an application and the payment of the initial premium, and to forward same to the proper office, and, when the policy is issued, to deliver it to insured, but this does not constitute them general agents if their authority is in fact otherwise limited, and in order to show that a solicitor has broader powers, or the powers of a great agent, it is incumbent upon the party so contending to show, by competent evidence, other than the testimony of the agent himself, the specific authority claimed."

In the case of *Patterson* v. *Prudential Ins. Co. of America* (1930), (Mo. App.), 23 S.W. (2d) 198, the application signed contained the statement that the policy should be in force from the date of the application "provided this application is approved and accepted at the home office of the company in Newark, N. J." The agent who took the application assured the applicant that the applicant would be insured from that date on. In discussing the oral contract contended for in this case and the authority of the agent to make the same, the court said (p. 201):

"We know of no exception in this state to the rule that evidence of an insurance agent's power to take applications for insurance, collect the

premiums, forward the applications to the com-
pany for its acceptance or rejection, and deliver
the policies when issued to the applicants, does
not show authority on the part of such agent to
make contracts of insurance. . . . . .

"There is no doubt about the general rule of
law upon which counsel relies, namely, that an in-
surance agent possesses such powers as either
have been expressly conferred upon him by the
company, or as third persons have the right to·
assume that he possesses under the circum-
stances of the case; and that the company will be
bound by all his acts, contracts, and representa-
tions which are within the scope, either of his
real, or of his apparent, authority, notwithstand-
ing that they may be in violation of private limi-
tations upon his power of which the person deal-
ing with him in good faith has neither actual nor
constructive knowledge. *Shelby* v. *Connecticut
Fire Ins. Co.*, 218 Mo. App. 84, 262 S.W. 686;
*Shook* v. *Retail Hardware Mutual Fire Ins. Co.*,
154 Mo. App. 394, 134 S.W. 589; *Beswick* v. *Na-
tional Casualty Co.*, supra; *Van Cleave* v. *Union
Casualty & Surety Co.*, 82 Mo. App. 668.

"The ultimate question in this instance, there-
fore, is whether there was a substantial showing
of anything from which plaintiff, acting as an
ordinarily prudent person, might have had the
right to assume that Fritz had the apparent
authority to bind the company by the agreement
for preliminary or temporary insurance which
she claims was made. Nothing of such nature is
pointed out or relied upon by her counsel save
the receipt which the agent gave, containing the
provision for an immediate death benefit which
conformed in a measure to her idea of the con-
tract; and consequently it is upon the legal effect
to be ascribed to the giving of such receipt that
our final conclusion in the case must depend."

The court held that there was nothing in the re-
ceipt showing authority of the agent to bind the com-
pany on an oral contract of insurance. Such being

true, the court held that the "plaintiff had no right to rely upon the agent's apparent authority and there is no claim of proof of express authority."

In the case of *West* v. *Metropolitan Life Ins. Co.* (1936), 144 Kan. 444, 61 Pac. (2d) 918, the application for insurance stated that "the company shall incur no liability under this application until it has been received, approved, and the policy issued and delivered and full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the applicant. . . ." The agents who solicited this application promised the applicant that the insurance would be in force as soon as the doctor examined him and passed upon his application. The agents' names were Bybee and Lucas. In the state of Kansas the statute required all insurance agents to be authorized in writing before any business was transacted for their company. In discussing the sufficiency of the evidence to show authority on the part of the agent to bind the company by oral contract the court said (p. 449):

"... . When the plaintiff offered her proof, she made no attempt to procure and show this authority in writing as part of her proof. On the question of sufficiency of proof, we must hold there was a failure to prove that either Bybee or Lucas were any but insurance agents, as distinguished from general agents, and were only what is usually called soliciting agents.

"We next pass to the question as to whether, in making the claimed statements as to when the applied for insurance was effective, including therein the claimed waiver of payment of premium, Bybee and Lucas were acting within their authority or apparent scope of it. This needs no extended discussion, for under the statute mentioned above, their authority had to be in writing. It was capable of definite ascertainment, West was presumed to know the law, and know-

ing it, he knew that neither agent had the power to make a contract of insurance binding on the company unless one of them was specifically autorized so to do. It can be seen that under the statute, there can be no act within the apparent scope of authority; either the agent is authorized or he is not, at least so far as the question before us is concerned."

In the case of *Ivie* v. *International Life Ins. Co.* (1928), 217 Alabama 559, 117 So. 176, the insured applied to the company for life insurance and the application provided that if the premium be paid in full in cash with the application, such insurance if issued should be in force from the date of the unconditional approval of the completed application by the company's medical director. Upon the payment of such premium, the insured was given a receipt which stated that "if full cash settlement has been made with the application and if insurance is issued as applied for, such insurance shall be in force from the date of unconditional approval of the completed application by the company's medical director." The applicant died four days after signing the application and before the same had been approved. The claimant sought to rely upon an oral promise of an authorized agent to the effect that the insured would thereafter be protected from the date of the payment of the premium. In passing upon this contention, the Supreme Court of Alabama said (p. 560):

"In *Cherokee Life Ins. Co.* v. *Brannum,* 203 Ala. 145, 82 So. 175, it was held, with citation of numerous authorities, that, in the absence of statute law to the contrary, an agent, duly authorized to bind the insurer by the delivery of contracts of insurance, may make such contracts by parol. But where the application enters into a definite agreement that the insurance applied for shall not be in effect until the policy is delivered,

that such insurance shall be in force from the date of the unconditional approval of the application by the insurer's medical director, and that, if the premium be paid with the application, such payment is made subject to the conditions stated in a receipt which refers to and adopts the conditions stated in the application, the insurance becomes effective only when the conditions have been fulfilled . . . In that case the alleged parol agreement is in contradiction of the terms of the application, and the receipt and did not affect them.''

It will be seen from the above authorities and it is our opinion that the burden is on the party seeking to enforce such a parol contract of insurance to prove authority on the part of the agent to enter into such agreement.

The appellee insists that he has discharged this burden by showing that Besing was the only agent of the appellant in his county and he accordingly acted for the appellant in all matters as general agent. In support of this statement he invokes the rule that a general agent is one who is authorized to transact all the business of his principal or all his business of some particular kind at some particular place. In support of this proposition he cites many cases. We have read the cases cited but in none of them do we find facts analagous to the case at bar.

In many of the cases relied on by the appellee the agent was possessed with broad general powers either as a managing agent or as one having the general conduct of the business of his principal, as in *Manning and others* v. *Gasharie and others* (1866), 27 Ind. 399; or with general authority to enter into contracts of insurance, as in the case of *Commercial Union Assurance Co.* v. *The State ex rel. Smith et al.* (1888), 113 Ind. 31, 15 N.E. 518. In other cases the principal

had clothed the agent with apparently broad powers designating him as "superintendent", as in *Public Savings Ins. Co.* v. *Manning* (1916), 61 Ind. App. 239, 111 N.E. 945; *Western and Southern Life Ins. Co.* v. *Vale* (1938), 213 Ind. 601, 12 N.E. (2d) 350; *Indiana Fibre Products Co.* v. *Cyclone Mfg. Co.* (1924), 81 Ind. App. 682, 143 N.E. 169, or as "resident vice principal"; *Cleveland, etc. R. Co.* v. *Moore* (1908), 170 Ind. 328, 82 N.E. 52, 84 N.E. 540.

In none of the cases cited by the appellee do we find authority for holding that a local agent for a life insurance company who engages in soliciting applications for insurance is held to have authority to bind his principal by an oral contract of insurance. The case of *Rankin* v. *Northern Assurance Co.* (1915), 98 Neb. 172 152 N.W. 324, relied upon by the appellee involves an interpretation of a "binding receipt" which formed the basis of the contract between the parties. The authority of the local agent to bind the company is not discussed except to state that the agent was acting within the ostensible scope of his authority.

The record in this case contains no facts upon which the appellee could rely as disclosing either actual or apparent authority on the part of Besing to enter into an oral contract of insurance on the part of the appellant. The evidence discloses that if such a procedure had ever been attempted before by any agent, the company had no knowledge that such promises were being made. Before there can be ostensible authority possessed by an agent sufficient to bind his principal there must be an appearance of authority caused by the principal, and the agent must have acted within the scope of such authority. *(McCaskey Register Company* v. *Curfman* (1910), 45 Ind. App. 297, 90 N.E. 323, *Indiana Fibre Products Company* v. *Cyclone Mfg. Co.,* supra,

In the case at bar, the deceased Ida Thiel knew the agent Besing as an insurance agent engaged in selling insurance contracts in the community. She was presumed to know that under our law his authority to represent the appellant company was required to be in writing. Sec. 39-1001 Burns Ind. Statute 1933, §9558 Baldwin's 1934; §39-4601 Burns Ind. Statutes, 1933, Pocket Supplements, §9508-1 Baldwin's Supp.

She signed an application on a printed form furnished by the appellant company in which she agreed that the insurance applied for "shall be in force from the date of the acceptance of this application by the company's medical department at the home office." She was given a receipt which stated that "The insurance will be in force from the date of the approval of the application by the company's medical department at the home office."

These facts are sufficient, in our opinion, to give notice to the applicant that the local agent was without authority to contract that the insurance applied for should be effective at once. *West* v. *Metropolitan Ins. Co.*, supra; *King et al.* v. *Mutual Life Ins. Co.* (1937), (Mo.), 105 S.W. (2) 994; *Patterson* v. *Prudential Ins. Co.*, supra; *Newton* v. *The Gulf Ins. Co.* (1937), 55 Ga. App. 330, 190 S.E. 69; *Mulhbach* v. *Omaha Life Ins. Co. of Omaha* (1921), (Neb.), 185 N.W. 447; *Field* v. *Missouri State Life Insurance Company* (1930), 77 Utah 45, 290 Pac. 979; Encyclopedia of Insurance Law, Couch, Vol. 2, Sec. 521; *Hartline* v. *Mutual Benefit Health & Accident Assn.* (1938), 96 Fed. (2nd) 174.

It is our opinion therefore that the evidence in this case discloses only such authority vested in Besing as would render him a special agent for the appellant company authorized to solicit applica-

tions for insurance contracts, and under the authority of *Cruzan* v. *Smith, et al., supra,* "the principal is not bound by the acts of a special agent, if he exceeds the limits of his authority. And it is the duty of every person who deals with a special agent to ascertain the extent of the agent's authority before dealing with him. If this is neglected, such person will deal at his peril, and the principal will not be bound by any act which exceeds the particular authority given."

The court was accordingly in error in submitting the case to the jury and in not instructing a verdict for the appellant.

Substantially the same questions are again presented in the appellant's motion for new trial, and the overruling of this motion is assigned as error. Here again the sufficiency of the evidence to show authority to bind the appellant company is challenged. We hold that there was no evidence from which the jury could have reasonably inferred the existence of such authority on the part of the agent Besing.

We are not unmindful of the decision of our Supreme Court in the case of *Western and Southern Life Insurance Co.* v. *Vale,* supra. While this case recognizes the validity of parol contracts of insurance yet the question of the authority of the district superintendent of the Western and Southern Life Ins. Co. to make such contract was not in question and the receipt given at the time the application was signed and the premium paid provided that the insurance, if and as issued, should commence as of the date of the application. Neither of these elements is present in the case at bar.

There are many other questions raised in the motion for new trial with respect to the admissibility of evidence. But since these may not arise upon a retrial

of this case, we accordingly refrain from discussing them.

Judgment is reversed with instructions to the trial court to sustain the appellant's motion for new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.